STATE of Tennessee, Appellee,

v.

**Glenn GARREN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 15, 1982.

Permission to Appeal Denied by Supreme Court Jan. 24, 1983.

Conrad Finnell, Cleveland, for appellant.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of three counts of vehicular homicide, resulting from conduct creating a substantial risk of death or serious bodily injury under circumstances manifesting extreme indifference to the value of human life, in violation of TCA § 39–2412(a). He received a sentence of six months in the McMinn County Jail for each count. The trial judge ordered the sentences to be served consecutively and denied the appellant's application for probation. In this appeal the appellant has presented two issues. He questions whether the trial judge abused his discretion in ordering consecutive service of the sentences and in denying probation. We find no abuse of discretion in either ruling of the trial judge.

Although there is no challenge to the sufficiency of the convicting evidence, a brief narration of the facts is essential to place the appellant's conduct in proper perspective. On Sunday afternoon, January 27, 1980, the ladies' basketball team at Tennessee Wesleyan College practiced. Afterward, the coach took the team out to supper at the Western Sizzlin' Steak House in Athens. The members of the team traveled to and from the steak house in separate automobiles. Katherine Delaney, Kimberly Hamilton, Beverly Beasley, and Andrea Higdon traveled in Ms. Delaney's Chevrolet Vega automobile.

After supper this foursome left the restaurant to return to the campus, traveling east on the Decatur Pike. At the highway's intersection with the Congress Parkway, they stopped for the traffic signal. When the light turned green, they started through

the intersection. The appellant, driving his car at a high rate of speed (estimated by one eyewitness to be 65 to 75 miles per hour) southbound on the Congress Parkway, hit the ladies' car broadside, knocking it 66 feet into the median of the Congress Parkway. All of the occupants except Ms. Hamilton were thrown from the car and were killed instantly.

The appellant's car careened through the intersection, off the pavement hitting a utility pole, and then careened back onto the pavement and off again, coming to rest approximately 213 feet from the point of impact. Although the appellant was only slightly injured with a minor cut to the head, he remained in his car and made no inquiry about the condition of the occupants of the other car. At the Athens Community Hospital, with his consent, a sample of his blood was extracted. Laboratory analysis revealed a blood alcohol level of .25%. He told the investigating officer that he had consumed a pint of vodka.

The appellant testified and presented nine additional witnesses. His theory was that the traffic signal malfunctioned and was green in all directions at the same time. He also contended that he had only two shots of vodka.

The proof further revealed that the appellant is fifty-three years of age and that he has been married for thirty years. He is the father of a son and daughter, ages twenty-two and twenty-six. He has four grandchildren. He went to only the fourth grade and was a construction worker until he was disabled with heart problems.

In ordering consecutive sentencing, the trial judge found that the appellant is a "multiple offender" and a "dangerous offender". He also held that consecutive sentencing is necessary to protect the public. As his reason for the denial of probation, the trial judge cited "deterrence".

■ Consecutive sentencing is reserved for five classes of offenders, the persistent offender, the professional criminal, the multiple offender, the dangerous mentally abnormal person, and the dangerous offender.

*Gray v. State,* 538 S.W.2d 391, 393 (Tenn. 1976). In *Gray,* a "multiple offender" is defined as "one whose record of criminal activity is extensive". *Id.* The appellant has no prior criminal record. He clearly is not a "multiple offender".

■ A defendant may be classified as a "dangerous offender" if the crimes for which he is convicted indicate that he has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Not all defendants convicted of several counts of a dangerous offense should be consecutively sentenced, since there are increased penalties for dangerous offenses. The decision to impose consecutive sentences when inherently dangerous crimes are involved should be based upon the presence of aggravating circumstances and not merely on the fact that two or more dangerous crimes were committed. *Id.*

■ The record reveals that this appellant has little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. After consuming a pint of vodka, with a blood alcohol level approximately one and one-half times the level at which the presumption of intoxication arises, TCA § 55–10–408(b), the appellant had no hesitation about driving his automobile at an extremely high rate of speed along the city streets of Athens. The photograph of his handiwork, the demolished Vega, is stark evidence of the lack of regard for human life exhibited by the appellant in the operation of his vehicle.

The trial judge correctly found that the appellant is a "dangerous offender" and ordered consecutive service of the sentences.

■ Turning to the probation issue, we begin with the firmly established principle that in order to support probation in a case involving the death of another person at the hands of the petitioner, exceptional circumstances must be shown. *Kilgore v. State,* 588 S.W.2d 567, 568 (Tenn.Cr.App.1979), cited with approval in *State v. Travis,* 622 S.W.2d 529, 534–535 (Tenn.1981).

A trial judge may deny probation upon the ground of the deterrent effect upon other criminal activity. TCA § 40–2904(a)(1). An element of deterrence is present in every case, but the degree or significance of this factor in restraining the offender or curbing the propensity for criminal activity in others varies widely with the class of offense and the facts of each case. *State v. Michael,* 629 S.W.2d 13, 14 (Tenn. 1982).

Only a recluse could be unaware of the carnage produced by drunk drivers. Drinking drivers and pedestrians cause more than 800,000 crashes and 25,000 deaths in the United States each year. Alcohol is the nation's number one drug problem. *Reader's Digest 1982 Almanac and Yearbook,* p. 448. Indeed, the General Assembly has recognized the magnitude of the problem in this state and recently increased the penalties for driving while under the influence of an intoxicant. Public Acts of 1982, Ch. 891, § 1(a), codified at TCA § 55–10–403(a)(1).

■ Hopefully, the incarceration of the appellant and others who commit similar acts will serve to deter those who, while incapacitated from the use of alcohol or drugs, would attempt to pilot a multi-ton missile along the streets and highways at outrageous speeds, endangering everyone in their paths. In this case, not one, but three innocent young ladies, standing at the threshold of their adult lives, have been denied the most precious of all rights by the inane actions of this appellant. No exceptional circumstances are present in this case, and the trial judge properly denied probation.

Finding both of the issues devoid of merit, the judgment is affirmed.

DWYER and CORNELIUS, JJ., concur.