STATE of Tennessee, Appellee,

v.

**Ronnie Dale REED, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Sept. 15, 1983.

Permission to Appeal Denied by
Supreme Court Dec. 5, 1983.

William M. Leech, Jr., Atty. Gen. & Reporter, David M. Himmelreich, Asst. Atty. Gen., Guy R. Dotson, District Atty. Gen., Nashville, for appellee.

Scott Daniel, D. Russell Thomas, Murfreesboro, for appellant.

## OPINION

O'BRIEN, Judge.

The defendant, Ronnie Dale Reed, was convicted of two counts of vehicular homicide in the Cannon County Criminal Court on June 4, 1982. The jury fixed punishment at imprisonment in the State Penitentiary for one (1) year on each charge. On October 23, 1982, the court entered an order allowing the defendant to remain free on bond pending appeal and ordered the sentences to be served consecutively. The defendant here raises two questions for review: (1) whether the evidence adduced at the trial is sufficient to support the jury's verdict; and (2) whether the trial judge had jurisdiction to set the sentences to be served consecutively.

In order to settle these issues it becomes necessary to review the material evidence submitted to the jury.

The State called five different witnesses who all testified that on July 18, 1981, between the hours of 3:00 and 4:00 in the afternoon, defendant was driving on State Highway 53. All five witnesses testified that defendant's car was weaving back and forth across the road center and onto the

witness' side of the highway causing some of them to leave the road in order to avoid a collision. It was the State's theory that a few minutes later and a few miles further down the highway the defendant recklessly crashed into a motorcycle, killing its driver and passenger.

The Tennessee Highway Patrol investigation of the accident scene revealed that there were light skidmarks from the rear end of the car, and dark skidmarks from the front end which extended for 52 feet. There was a "kick" or shift to the left in the rear skidmark indicating, the State contended, the point of impact. It was the State's theory that the impact of the motorcycle and the vehicle knocked the rear end of the car to the left. At this point of impact, the left front wheel of the defendant's vehicle was 3 feet to the left of the center line and the left rear wheel was 6 feet to the left of the centerline, indicating that the collision occurred in the victims' traffic lane.

The defendant put on two witnesses who claimed to have seen the accident from a distance of 80 yards. They testified that the motorcycle weaved into the defendant's lane, towards the defendant's car. The defendant turned left and then back right again, the motorcycle swerved right and the collision occurred. Both testified that the motorcycle was weaving in and out of its lane prior to the impact and that the impact occurred in the defendant's lane. The defendant testified that he did not recall meeting the witnesses who testified he had previously been on the wrong side of the road. As to the accident, he testified that he saw the motorcycle from a distance of 200 yards, but paid no attention to it until he was 50 yards away. At that point, he noticed the passenger was standing up on the back of the motorcycle and that the motorcycle began to weave and came over into his lane. The defendant then steered his automobile into their lane in an effort to avoid them. They veered back into their lane and the defendant turned back to his proper lane. As the motorcycle veered back again the collision occurred. The defendant testified he did not go to the right to avoid the motorcycle because he felt he had a better opportunity to avoid them if he steered into their traffic lane.

The State's witness, Vickie Lane, testified that at the time of the accident, she was facing the highway and saw one of the victims standing on the back of the motorcycle. Although she did not see the accident, she testified that the motorcycle was not weaving back and forth and was on the correct side of the road a few seconds prior to the crash.

The jury's verdict of guilty resolves all conflicts in testimony in favor of the State's theory. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978). In evaluating the sufficiency of the evidence on appeal, the court must take the strongest legitimate view of the evidence in favor of the State. *State v. Cabbage,* 571 S.W.2d 832 (Tenn. 1978). Viewing the record in light of these principles, we find that any rational trier of fact could have found the essential elements of vehicular homicide beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e).

The defendant next insists the trial court had lost jurisdiction to order the sentences to be served consecutively. The jury returned its verdict on June 4, 1982. On the same day, the court entered judgment, holding defendant guilty of vehicular homicide and committing him to the State Penitentiary for a period of one (1) year on each count. In the same order, the court reserved the determination of whether the sentences would run consecutively or concurrently, "until the hearing of any post trial motions which counsel for the defendant have stated they will file." On June 29, 1982 a motion for acquittal or new trial and a notice of appeal were filed. The new trial motion was amended on August 20, 1982, and overruled the same day. An order to that effect was entered on September 3, 1982. On October 23, 1982, the trial court entered an order on defendant's motion to remain free on bond pending appeal, which was filed on September 30, 1982. In that same order, the trial court also set defendant's sentences to run consecutively.

It is well settled, however, that a judgment of conviction becomes final 30 days after its entry. In the absence of a pending motion for acquittal or a new trial, a motion for arrest of judgment, or suspended sentence, any purported modification of that judgment after the 30-day period is void. See *State v. Bouchard,* 563 S.W.2d 561, 563 (1977); T.R.A.P. 4(c). Defendant's motion to remain free on bond pending appeal, filed on September 30, 1982, was not a motion contemplated by T.R.A.P. 4(c). The judgment of the trial court became final thirty (30) days after the order of September 3, 1982, overruling defendant's motion for judgment of acquittal or new trial, notwithstanding the judge's "reservation" of the determination of whether the sentences would run consecutively or concurrently. He did not have jurisdiction to order consecutive sentences on October 23, 1982.

Since the final judgment of the trial court made no suggestion that the sentences should be served consecutively, the law requires the sentences to be served concurrently. *Howe v. State ex rel. Tyne,* 98 S.W.2d 93, 170 Tenn. 571 (1936); *Ray v. State,* 576 S.W.2d 598 (Tenn.1978).

The judgment of the trial court rendered on August 20, 1982, and entered by order on September 3, 1982, is affirmed.

DWYER and BYERS, JJ., concur.