**STATE of Tennessee, Appellee,**

v.

**Castle Louis HALL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 22, 1984.

Permission to Appeal Denied Aug. 27, 1984.

 

Bobby James Ellis, Gainesboro, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Kevin Steiling, Asst. State Atty. Gen., Nashville, Alan E. Foster, Asst. Dist. Atty. Gen., John A. Turnbull, Sp. Prosecutor, Livingston, for appellee.

## OPINION

BYERS, Judge.

The defendant appeals from his conviction on two counts of vehicular homicide committed while under the influence of an intoxicant. Upon a finding that he was a

dangerous offender, he was sentenced to serve two consecutive seven and one-half year terms of imprisonment.

On appeal, the defendant attacks the sufficiency of the evidence, the qualifications of one of the state's witnesses, and the relevance of other testimony. He also asserts that the state's attorney impermissibly commented on his failure to testify, and that the trial court erred in imposing cumulative sentences and denying probation without a hearing.

The judgments are affirmed.

The conviction in this case arose from a headon collision of the defendant's vehicle with another, resulting in the death of the two passengers of the other vehicle. The state offered testimony that several hours before the collision, the defendant had been seen in the area, driving erratically, unable to keep his truck in the proper lane. Another witness testified that less than an hour before the collision he conversed with the defendant, that the defendant was driving the truck and unable to find a narrow lane off the highway, even though he was very familiar with the area. The witness testified that the defendant slumped over his steering wheel while talking, that he was "red-eyed," and extremely intoxicated. Investigating officers and ambulance attendants testified that at the scene of the fatal accident, the defendant was unconscious and there was a strong odor of alcohol about his person and the cab of his truck, which contained a number of beer cans. The defendant offered one witness, a friend of his, who had discovered the accident. The witness testified that he did not detect any odor of alcohol on the defendant.

The defendant says that three items of the state's evidence were improperly admitted. First, objection is made to the very damaging testimony of the witness who conversed with the defendant shortly before the accident and who described him as "about as full as anybody can get." In questioning this witness, the special prosecutor referred to "September 27, 1980," rather than to the accurate date of the offense, February 27, 1980. At the close of the state's case, the defendant moved for a verdict of acquittal on the ground that this testimony could not be considered as evidence of intoxication at the time of the offense.

A reading of the full record convinces us that the testimony did pertain to the proper date. The witness testified that he placed the time as the night of the fatalities at issue in the case. At one point in the direct examination, the state's attorney referred to "February—," but defense counsel interrupted with an objection, and he was unable to continue. The issue was fully argued to the jury, and we conclude that the evidence was properly before them.

Second, the defendant says that highly prejudicial testimony about his poor driving seven hours and four hours before the collision should have been excluded as too remote, and therefore irrelevant. This evidence was not that of prior bad acts tending to show a propensity to commit like offenses. Rather, it was circumstantial evidence of intoxication, a continuing condition and an element of the crime itself. The observations of three independent witnesses over a period of hours had probative value, and each tended to corroborate the other. The testimony was properly admitted.

Third, the defendant would strike evidence given by State Trooper James Smith on the ground that he was not qualified to offer an opinion of the position of the vehicles before impact. The witness, who arrived at the scene shortly after the collision, personally observed the physical details of the site and the vehicles. He described these details to the jury, pointing out that the impact had occurred in the victims' lane of traffic, as shown by gouge marks and scrape marks on the road surface. The state also offered into evidence two diagrams prepared by Trooper Smith showing the relative position of the vehicles prior to impact, at impact, and at rest. The defendant does not assert that the

demonstrative evidence does not fairly represent the witness's observations.

■ The witness testified that since he had completed a law enforcement training course in 1967, he had attended annual in-service training including accident investigation. We conclude that his report of the collision and the scene were well within his competence. No specific qualification was offered to support an opinion about the location of the vehicles before the collision. However, this is not a case in which a complex series of events need by hypothesized in order to show that the defendant veered across the center line and struck an oncoming car. Any error in the admission of this diagram is harmless beyond a reasonable doubt.

■ The defendant's request for a special charge, to the effect that the odor of alcohol cannot alone establish intoxication, was properly denied. Since we have concluded that numerous other items of evidence showing the defendant's state were properly admitted, the proposition urged was not fairly raised by the evidence. *See Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1963). In addition, we find that from all the evidence a jury could rationally and beyond a reasonable doubt find this defendant guilty of the offenses charged. *See* T.R.A.P. 13(e).

■ The defendant's assertion that the state's closing argument included improper comment on his failure to testify is not supported by the record. The portion objected to is nothing more than argument that guilt can be established by circumstantial evidence.

The verdict in this case was rendered on February 23, 1983, and judgment was pronounced accordingly. Timely motions for a new trial and suspended sentence were filed by the defendant. In an order dated July 28, 1983, the trial judge overruled the defendant's motion for a new trial, declared him to be a dangerous offender, ordered consecutive sentencing, and denied probation.

■ The defendant's assertion that the court had lost jurisdiction to impose consecutive sentencing is not well taken. The court retained jurisdiction with respect to sentencing while the post-trial motion and petition were pending. *See State v. Bouchard,* 563 S.W.2d 561 (Tenn.Cr.App.1977). The fact that the "order of conviction" was filed nunc pro tunc on January 12, 1984, is irrelevant. It merely records the judgment pronounced on the day of the verdict as disclosed in the transcript, and does not attempt to modify any prior order or judgment. *Cf. State v. Reed,* 665 S.W.2d 405 (Tenn.Cr.App.1983).

■ The imposition of consecutive sentences was based on the trial court's express finding that the defendant is a dangerous offender and is consistent with similar judgments approved by this Court. *See State v. Hensley,* 656 S.W.2d 410 (Tenn.Cr.App.1983); *State v. Garren,* 644 S.W.2d 701 (Tenn.Cr.App.1982).

■ Finally, the defendant asserts that the trial court erred in summarily denying his petition for probation. The court relied on T.C.A. § 40–21–101, which provides that a person convicted of two or more qualifying felonies shall not be eligible for probation. The provision applies to offenses committed before July 1, 1982. T.C.A. § 40–35–112; *State v. Deborah Baker,* No. 46 (Tenn.Cr.App., Knoxville, February 1, 1984).

■ By analogy to the Habitual Criminal Act, the defendant insists that when the two or more convictions arise out of the same incident, the disqualification for probation does not apply. Quite to the contrary, we would point out that when the legislature has intended to make special provisions for contemporaneous offenses or convictions, it has done so. We adhere to our ruling in *State v. Larry Darnett Langford,* No. 56 (Tenn.Cr.App., Jackson, February 23, 1980); the ineligibility provision applies even though convictions are had on the same day and even though the separate convictions arose from a single criminal episode. The trial judge properly dis-

missed the petition, and his judgment is affirmed.

DUNCAN and TATUM, JJ., concur.