IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2017

**STATE OF TENNESSEE v. JONATHAN DAVIS**

**Appeal from the Circuit Court for Maury County**
**No. 8455       Robert L. Jones, Judge**

_____

**No. M2017-01499-CCA-R3-CD**

_____

The Appellant, Jonathan Davis, filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and the Maury County Circuit Court summarily denied the motion. On appeal, the Appellant contends that his sentences for his first degree felony murder convictions are illegal because the trial court ordered consecutive sentencing after the judgments of conviction became final and that the sentences for all of his convictions are illegal because the trial court failed to award pretrial jail credits. Based upon the record and the parties' briefs, we affirm the Maury County Circuit Court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Jonathan Davis, Pro Se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On March 28, 1994, the Appellant, who was a juvenile, and his codefendant decided to rob Lamont Orr. State v. William Edward Watkins and Jonathan Davis, No. 01C01-9701-CC-00004, 1997 WL 766462, at *1 (Tenn. Crim. App. at Nashville, Dec.

12, 1997). They went to Orr's trailer, where Orr lived with his girlfriend.[1] Id. Orr left with the Appellant and his codefendant because they told Orr that they were going to participate in a cocaine transaction. Id. Orr drove to the parking lot of Brown's School, and the Appellant, without any provocation, shot Orr in the head. Id. The Appellant and his codefendant then returned to the trailer and shot Orr's girlfriend because she had seen Orr leave with them. Id. at *2. Crack cocaine was missing from Orr's person, and money was missing from his girlfriend's person. Id. The police subsequently arrested the Appellant and his codefendant, and they confessed to the crimes. Id. The Appellant was transferred from juvenile to adult court and tried with his codefendant for count one, attempted aggravated robbery, and counts two and three, first degree felony murder. Id. at *1, 5.

On August 25, 1995, a jury convicted the defendants as charged, and the trial court immediately sentenced them to life for each murder conviction and entered judgment forms for counts two and three. In the "Special Conditions" box on the forms, it was noted that the matter of consecutive sentencing was being reserved for those counts until the sentencing hearing for count one. The judge signed the forms and filled in "08/25/95" for the "Date of Entry of Judgment." However, the circuit court clerk did not file-stamp the judgments. On October 30, 1995, the trial court sentenced the Appellant to three years for the attempted aggravated robbery conviction and ordered that all of the sentences be served consecutively. The trial court entered a judgment of conviction for the attempted aggravated robbery and two additional judgments for the felony murder convictions. Copies of all three judgments are in the technical record and reflect that the sentences were to be served consecutively. The judge signed the judgments and filled in "08/25/95" for their "Date of Entry of Judgment." The judgments bear "October 30, 1995" as the circuit court's clerk's file-stamped date.

On direct appeal of the Appellant's convictions, this court affirmed the convictions and sentences. Id. at *1. This court also affirmed the denial of post-conviction and habeas corpus relief. Jonathan Davis v. Morrow, No. E2010-00396-CCA-R3-HC, 2010 WL 2812647 (Tenn. Crim. App. at Nashville, July 19, 2010); Jonathan Davis v. State, No. M2000-01158-CCA-R3-PC, 2001 WL 922209 (Tenn. Crim. App. at Nashville, Aug. 16, 2001).

On May 3, 2017, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Relevant to this appeal, he argued that the judgments for his two, first degree felony murder convictions became final thirty days after the trial court entered them on August 25, 1995. Thus, the trial

---

[1] According to newspaper articles in the technical record, Orr was twenty years old, and his girlfriend was fifteen years old.

court lost jurisdiction to order consecutive sentencing on October 30, 1995, and the sentences were illegal. The trial court denied the motion, and the Appellant appeals the denial.

## II. Analysis

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. A trial court's ordering consecutive sentencing after the defendant's judgments of conviction become final would be a fatal sentencing error. See State v. Reed, 665 S.W.2d 405, 406-07 (Tenn. Crim. App. 1983); State v. Bouchard, 563 S.W.2d 561, 563 (Tenn. Crim. App. 1977). Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Wooden, 478 S.W.3d at 595. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

Turning to the instant case, the judgments of conviction for counts two and three should not have been entered until after the trial court sentenced the Appellant for count one and resolved the issue of consecutive sentencing for all counts. See Tenn. Code Ann. § 40-35-209(e). In any event, "a trial court's judgment becomes final thirty days after entry, unless a specified post-trial motion is filed, in which case the judgment becomes

- 3 -

final upon 'entry of the order denying a new trial or granting or denying any other such motion or petition.'" State v. Brown, 479 S.W.3d 200, 205-06 (Tenn. 2015) (quoting Tenn. R. App. P. 4(c)). Here, the Petitioner filed a motion for new trial, which is one of the specified post-trial motions. See Tenn. R. App. P. 4(c). The trial court denied the motion for new trial sometime after October 30, 1995. See Jonathan Davis, No. M2000-01158-CCA-R3-PC, 2001 WL 922209, at *2. Therefore, the Petitioner's judgments of conviction became final thirty days after the trial court denied his motion for new trial, not thirty days after the trial court pronounced his life sentences on August 25, 1995. Accordingly, the trial court retained jurisdiction of the Appellant's case, and the court's amended judgments for counts two and three to reflect consecutive sentencing are not void.

The Appellant also contends that his sentences are illegal because the trial court failed to award him nine days of pretrial jail credits while he was being held in the Williamson County Juvenile Detention Center from March 30, 1994, to April 1, 1994, and in the Rutherford County Detention Center from April 1, 1994, to April 8, 1994. However, our supreme court has held that a trial court's failure to award pretrial jail credits does not render a sentence illegal, and, therefore, does not warrant Rule 36.1 relief. Brown, 479 S.W.3d at 212-13.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the Appellant's motion to correct an illegal sentence.

_____

NORMA MCGEE OGLE, JUDGE

- 4 -