ROBERT HETHCOAT, JAMES ROY HICKS and JOSEPH GARY MILLER,

*v.*

STATE OF TENNESSEE.

376 S. W. 2d 478

(*Knoxville,* September Term, 1963.)

Opinion filed March 5, 1964

LYLE BURROW, STACY J. GRAYSON, Bristol, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

Plaintiffs in Error, Hethcoat and Hicks, were convicted in the Criminal Court of Sullivan County of receiving and concealing stolen property and sentenced to three years in the State penitentiary. Plaintiff in error, Miller, was convicted of grand larceny growing out of the same state of facts and likewise sentenced to serve three years in the State penitentiary.

The conviction of Miller was affirmed by this Court at its May session in 1962. The opinion affirming his conviction is reported in 210 Tenn. 322, 358 S.W.2d 324. The convictions of Hethcoat and Hicks were affirmed by this Court on November 9, 1962, by an opinion filed on that date, but it was not for publication. Subsequent to these convictions and the affirmance of them by this Court, we entered an order staying the execution of the convictions of these three men so that they might file a petition for probation. Petitions for probation were subsequently filed with the trial court and the same were denied. The denial was based on the fact that the parties

herein had appealed their convictions. The trial judge reasoned that the appeal stripped him of jurisdiction to consider the question of probation. It is from this denial of probation that the present case comes to us. We have considered the assignments of error, the briefs and applicable authorities, and, after doing so, have the question presented for disposition.

■ The probation statutes (sec. 40-2901 through sec. 40-2908, T.C.A.) were amended by Chapter 192 of the Public Acts of 1963. These amendments have now been codified and carried into the Cumulative Supplement of the Code under these Sections. We originally granted a stay of execution because it was said by counsel representing petitioners that the 1963 amendment gave them a right to petition for probation before beginning the service of their sentences. We have considered this question with reference to the amendments to these probation statutes and do not find in any particular where probation is allowed by them after the trial court has lost jurisdiction of the cases by an appeal of the parties to this Court.

In *Atchley v. State,* 176 Tenn. 514, 144 S.W.2d 748, in a very well written opinion, this Court held that after an appeal and the case had been brought to this Court, the trial court no longer had jurisdiction to apply the parole statutes, and to suspend or give parole sentences. This opinion (*Atchley v. State,* supra) cannot be improved upon. It is applicable to the statutes as now written and applicable to the factual situation set out in these cases.

In a more recent case, *Helton v. State,* 195 Tenn. 491, 260 S.W.2d 260, this Court held that under these parole

or suspension of sentence statutes, above referred to (sec. 40-2901 et seq., T.C.A.) which were effective when the Helton case was written in 1953, the court's power to suspend a sentence was limited to those cases in which there was not appeal. The statute as now amended by the 1963 Act does not effect the holding in the Helton case.

■ ■ The plaintiffs in error apparently recognized the authority of the Atchley case, and others, and have now requested that we remand these cases to the trial court very much as was done in *Stanley v. State,* 171 Tenn. 406, 104 S.W.2d 819, so that the trial judge might exercise his right of suspension or parole. The Stanley case is referred to and properly distinguished in the Atchley case, supra. In the Stanley case the Court in considering Stanley's appeal did not enter a final judgment, but remanded it for this purpose for reasons therein expressed. In the instant case we have an entirely different situation. Here these cases against the present plaintiffs in error are final judgments from every standpoint. In the Miller case the judgment was entered in June, 1962, while the judgments in the Hethcoat and Hicks cases were entered in November, 1962. This Court, as well as other courts of lower jurisdiction, lose control or jurisdiction over its final judgments when the term is ended or when there has been an expiration of thirty days. *State v. Dalton,* 109 Tenn. 544, 72 S.W. 456. We consequently have no jurisdiction after final judgments have been rendered in these cases to remand them so that the trial judge might enter any other or different order.

■ One of the first reported cases on this question was *Anderson v. Thompson,* 75 Tenn. (7 Lea), 259, where-

in this Court held that a court cannot even by consent set aside, at a subsequent term, its judgment of a former term, except for a clerical mistake or inadvertence; and this can only be done by authority of sec. 16-309 and sec. 16-310, T.C.A., which gives the court the opportunity to correct such error. Section 16-309, T.C.A., provides in effect that in all cases in which this Court gives a judgment or decree ''when upon the face of the record no cause of action existed against the party, the court may, upon its own motion, vacate such judgment or decree.'' The mere fact that such a statute has been on the books for more than a hundred years implies within itself that this Court has no jurisdiction to vacate or set aside a judgment as here when it is not to correct a clerical error or mistake or things on the face of the record which bring into play sec. 16-310, T.C.A. It is true that the Anderson case is a civil case, but the same rule applies in a criminal case as shown by *State v. Dalton,* supra.

The result is that the judgment against these three plaintiffs in error must be affirmed and the stay heretofore granted is revoked and the clerk is directed to issue the necessary papers to take these three plaintiffs in error into custody so that the judgments formerly approved by this Court heretofore referred to may be executed.