STATE of Tennessee, Appellant,

v.

Anthony BOUCHARD, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 1, 1977.

Certiorari Denied by Supreme Court Jan. 16, 1978.

Brooks McLemore, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., John E. Rodgers, Roger T. May, Asst. Dist. Attys. Gen., Nashville, for appellant.

William C. Wilson, Richardson R. Lynn, Nashville, for appellee.

## OPINION

DAUGHTREY, Judge.

This appeal by the State of Tennessee presents a single legal question for our determination: whether the trial court can modify its judgment of conviction more than thirty days after the entry of that order, in the absence of an intervening motion which has the effect of postponing finality of the court's judgment, in order to provide for consecutive sentencing of a criminal defendant.

An examination of the unique procedural posture of this case is necessary to an understanding of our conclusion that the modification attempted below was a nullity.

The appellee-defendant, Anthony Bouchard, had been convicted of selling heroin in an unrelated case and had been sentenced to serve ten to fifteen years in the penitentiary. Six months later, on October 1, 1976, the defendant was convicted in this case of being an accessory before the fact of second degree murder, and the jury fixed his punishment at incarceration for thirteen years. After excusing the jury, the trial judge asked the defendant to stand, and then announced:

You have heard the verdict of the jury, Mr Bouchard. It's contrary to your contention in this case. Based upon the verdict of the jury, the judgment of the Court is on a charge of accessory before the fact of murder in the second degree that you serve thirteen (13) years in the state penitentiary.

Immediately thereafter, in accordance with local practice, the defendant gave "notice of intent to file a motion for a new trial." The trial court granted the defendant "[t]he usual thirty days" in which to file a written motion for a new trial.

The minute entry for October 1 recites the verdict returned by the jury and goes on to conclude:

It is, therefore, considered by the Court that the defendant for his offense of Accessory before the fact of Murder Second Degree shall be confined at hard labor in the State Penitentiary for a period of thirteen years, commencing on the date of his delivery to the keeper thereof, subject to the rules and regulations of said institution.

Despite the defendant's declared intention, no motion for new trial was filed on his behalf. On November 19 the trial judge called the defendant back into court and noted the fact that no intervening motion had been filed. The trial court went on to say:

The final judgment of this Court, based upon the verdict of the jury is on a charge of accessory before the fact of murder in the second degree that you serve thirteen (13) years in the state penitentiary and that this run consecutive to your prior conviction in this Court.

The defendant immediately took exception to the ruling that the sentence be served consecutively to the one earlier imposed, and announced his intention to file a motion asking the court to reconsider. At that time the trial judge maintained that his announcement of "final judgment" was in no way an alteration of the verdict of October 1. Indeed, the minute entry of November 19 is, in its pertinent part, a

verbatim copy of the October 1 entry, *supra,* with the following sentence added: "Said sentence shall run consecutive with sentence the defendant received in case number B–7164."

On December 13, the trial court heard the defendant's motion to reconsider, and following extensive argument took the motion under advisement. Finally, on February 1, 1977, the trial court granted the motion to reconsider, deciding to "go back to the original judgment," and ordered the sentences to run concurrently. From this order the State appeals.

The controlling principles of law applicable in this case are well-established. To be valid and complete, an order of conviction must (1) reflect the trial judge's approval of the jury's verdict and (2) impose sentence upon the defendant. *State v. McClain,* 186 Tenn. 401, 210 S.W.2d 680 (1948). The trial court is under a duty to pronounce judgment immediately after return of the verdict, if the trial judge as thirteenth juror is satisfied with its propriety. *Leek v. State,* 216 Tenn. 337, 392 S.W.2d 456, 458 (1965). The court clerk is then required to enter the judgment on the court's minutes. T.C.A. § 18–402(3). The judgment of conviction becomes final thirty days after its entry, in the absence of a pending motion for a new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict. See generally, T.C.A. §§ 40–2701 and 40–2603; *Leek v. State, supra; Hethcoat v. State,* 213 Tenn. 563, 376 S.W.2d 478 (1964); *Shuey v. Frierson,* 193 Tenn. 318, 246 S.W.2d 28 (1952). The particular issue we here address is whether the order of the trial court, entered immediately following the return of the jury's verdict, was a "judgment" under the controlling authority set out above. If it was, the order ripened into a final judgment thirty days after its entry, and the trial court's purported modification of that judgment after the lapse of the thirty day period was void.

In the order granting the defendant's motion to reconsider, the trial judge indicated that he felt that the decision of the Tennes-

see Supreme Court in *Dewey Harrison v. State of Tennessee,* (unpublished; Nashville, November 14, 1966) required a rescision of the consecutive sentencing order. In the *Harrison* case, the Supreme Court held that an order requiring sentences to run consecutively was improper after the lapse of thirty days from the entry of judgment, because "the trial court was without jurisdiction to supersede or modify" that judgment once it became final. In reaching this result, the Court specifically rejected the proposition that the defendant's "notice of intent to file a motion for a new trial" could be treated as a motion for a new trial for purposes of determining when the trial court's judgment became final.

In the present case, the State seeks to distinguish *Harrison* on the basis that the minutes fail to indicate that a "judgment" was entered prior to November 19, when the trial court ordered the sentences to run consecutively. Part and parcel of this argument is an assertion that the trial court's role as thirteenth juror requires an interval between the return of the jury verdict and the entry of judgment, "without correspondingly allowing an extension of the time to file a motion for new trial." Because we find that judgment was entered on October 1, the day the jury returned its verdict, it is unnecessary to reach this novel argument.

As previously noted, neither the minute entry for October 1 nor that for November 19 uses the word "judgment" in the text of the order signed by the trial judge. It is only in the clerk's notation in the margin that the word "judgment" appears. (The marginal index for October 1 reads, "B–8260 VERDICT BOUCHARD GUILTY ACC. BEFORE FACT MURDER 2ND DEG. 13 YEARS PEN. MOTION." The corresponding headnote for November 19 is, "B–8260 DEFT. FAILED TO FILE MOTION JUDGMENT ENTERED.") However, in addition to the identical language of the two minute entries, the language used by the trial judge in his October 1 ruling from the bench must also be considered. The bill of exceptions, as quoted

above, leaves no doubt that the trial judge pronounced judgment in open court on that date.

When there is a conflict between the bill of exceptions and the minute entries reproduced in the technical record, the bill of exceptions must control. *Church v. State,* 206 Tenn. 336, 333 S.W.2d 799 (1960); *Teague v. State,* 529 S.W.2d 734 (Tenn.Cr. App.1975). Certainly the exact words transcribed in the bill of exceptions and authenticated by the trial court should serve to clarify any ambiguity in the minute entries. Any confusion in the instant case from the use of the term "considered" in the minute entries rather than "ordered" or "adjudged" must be deemed to be clarified by the precise language in the bill of exceptions. It follows that the October 1 order was indeed a "judgment" for the purposes of the issue raised in this case.

We have examined the local practice rules for the Criminal Court of the Tenth Judicial District (Davidson County) requiring "[n]otice of intent to file a motion for a new trial [to] be given to the Court immediately upon rendition of the verdict of the Jury . . .," Rule 14, and requiring "[m]otions for a new trial [to] be entered not later than thirty (30) days after the rendition of the verdict of the Jury . . ," Rule 16. These rules are not in conflict with T.C.A. § 40–2603, which states that a "motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected." In the present case, "notice" of intent to file a motion for new trial was given on October 1, the day the jury returned its verdict and the trial court pronounced judgment. When thirty days expired without a motion for new trial being filed, the judgment of October 1 became final.

The trial court's October 1 judgment, as it is stated both in the minutes and in the bill of exceptions, is silent as to whether the sentence imposed should run concurrently with or consecutively to the sentence imposed for the defendant's prior conviction for selling heroin. In the face of such silence the law requires the sentences

to be served concurrently. *Howe v. State ex rel. Pyne,* 170 Tenn. 571, 98 S.W.2d 93 (1936); *Nash v. State,* 524 S.W.2d 494 (Tenn.Cr.App.1975).

We hold that the trial court was without jurisdiction to modify or supersede the judgment of October 1 after the expiration of thirty days, and that the motion to reconsider the purported modification on November 19 was properly granted. We therefore affirm the judgment of the trial court.

RUSSELL, P. J., concurs.

JOE C. LOSER, Jr., Special Judge, dissents.