Sam RAY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 2, 1978.

Certiorari Denied by Supreme Court
Dec. 18, 1978.

Leroy Phillips, Jr., Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen.; Robert L. DeLaney, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant appeals from a trial court judgment revoking a suspended sentence.

On March 19, 1975 defendant was indicted on two separate charges of felonious assault. On September 17, 1975 defendant submitted guilty pleas on separate charges of simple assault. The minute entry for that day shows the judgment of the court to be that defendant was to serve a term of eleven months and twenty-nine days. The sentences were suspended conditioned upon defendant's good behavior for a period of one year, as recommended by the State. On December 10, 1975 defendant was indicted on three separate counts for bribery of a police officer. On January 26, 1976 the State filed a petition to revoke defendant's suspended sentences on the grounds that he had been indicted for bribery; had failed to abide by the terms of his suspended sentence; was carrying on a life of crime; had become a public nuisance and menace; and had been guilty of conduct which demonstrated his unwillingness to conduct himself in a lawful manner. The revocation hearing did not take place until July 29, 1977, after defendant was acquitted on the bribery charges. The court took the matter under advisement until September 19, 1977. On that date the petition was sustained and defendant ordered to serve the sentence previously imposed. Appeal was granted and ninety days allowed in which to file the Bill of Exceptions. On February 16, 1978, more than a month after this record had been forwarded to this court, the trial judge entered an order attempting to amend the minute entry of September 17, 1975. This order indicated that the original judgment entered was intended to fix the penalty for the separate offenses of assault and battery to run consecutively and directed the amendment of the minute entry to accomplish that purpose.

Defendant makes three assignments of error.

(1) That the trial court erred in revoking his suspended sentence after having found or having cause to be stipulated the defendant was innocent of the charges forming the basis of the revocation petition.

(2) That it was error to revoke the suspended sentences because they were granted as part of a plea bargain agreement upon the express recommendation of the State at a time when the State was fully aware of the alleged acts of defendant which formed the basis of the petition to revoke.

(3) That defendant was deprived of his right to due process and confrontation because of denial of a full, fair and impartial evidentiary hearing, and improper restriction of cross-examination of State's witnesses.

■ We overrule defendant's first assignment of error. The revocation petition not only recited the three bribery indictments outstanding against defendant but stated the other grounds set out earlier in this opinion. A trial judge at a revocation hearing is not bound by an acquittal of a criminal offense which occurs, as in this case, after a suspended sentence is granted, when it appears that a defendant is guilty of conduct inconsistent with good citizenship. *Galyon v. State*, 189 Tenn. 505, 226 S.W.2d 270. The evidence was clear that defendant had consorted with gamblers, and had participated in the bribery of a police officer after being placed on probation. The evidence was sufficient to warrant the revocation of the suspended sentence.

■ We also overrule defendant's complaint that he was denied due process because the State was aware, at the time it recommended the suspended sentence, of the conduct which subsequently formed the basis of the petition to revoke.

The record discloses that sometime about the middle of June, 1975, after defendant's indictment, but prior to submission of his guilty pleas, he approached a Chattanooga police officer on behalf of some other individuals involved in a gambling operation to accept sums of money to provide protection from police interference with their games. Communications between the defendant and the police officer continued through June, July, August and into September.

The last contact between them took place on the day after defendant had submitted his guilty pleas and his sentences were suspended. On this latter date, September 18, 1975, defendant passed on a one hundred dollar bill to the officer from his gambler associates. The Assistant District Attorney who represented the State at the guilty plea hearings, and who recommended the suspended sentence to the court, had become engaged in private law practice at the time of the revocation hearing. He testified that on September 17, 1975 when the guilty plea was entered and the recommendation for suspended sentence was made that he was actively participating in an investigation involving the gambling operation and the activities between defendant and the police officer. It is defendant's position that the State, being cognizant of his activities at the time the recommendation for a suspended sentence was made should not be permitted to renege on the agreement to suspend his sentence by subsequently filing the petition to revoke. Although the conduct of the State's attorney may have been motivated by the desire and intention to ferret out criminal activity in the county, his failure to apprise the trial judge that the defendant was engaged, at the time of his recommendation for suspended sentence, in activities which were the object of subsequent indictment, is less than commendable, and might well have resulted in denial of the largess of the court. However, there is no evidence whatsoever in this record that the defendant relied in any way on any agreement to engage in his illicit dealings in return for his guilty plea. He acted as a conduit between the gamblers and the police officer after he had been granted a suspended sentence. The plea agreement between the defendant and the State did not contemplate this subsequent conduct by him and the Assistant District Attorney's knowledge of it cannot be asserted as a bar to the revocation of his suspended sentence.

Defendant apparently bases his third assignment on the manner in which the trial judge proscribed his cross-examination of

Police Officer John Haden. He attempted to show that he had been entrapped by the officer luring him into making the payments for which he was subsequently indicted on bribery charges. The trial judge stated that even if these facts were admitted, or stipulated, and the officer was shown to be crooked and corrupt, it still would not exonerate defendant from his own illegal conduct or activities demonstrative of poor citizenship. Our review of this record indicates defense counsel was endeavoring to show that defendant was the victim of extortion by the police officer and we are sure His Honor did not intend to imply that if such were true that defendant would, without more, be guilty of illegal or improper conduct. But, the evidence in the record is that defendant initiated the contact with the police officer who then requested cooperation from his superiors to secure him from personal harm or exposure to the possible accusation of accepting a bribe. It is wholly inconceivable that if the officer was in fact involved in the business of extortion, or endeavoring to entrap the defendant, he would enlist the assistance of other officers in the surveillance of his communications with the defendant. Furthermore, we note that defendant was afforded the opportunity to offer any other proof he might wish to in order to establish a defense to the charges against him. We overrule the assignment.

Defendant makes implication, which is not supported by the record, that he was not afforded the procedural requirements at his revocation hearing which are mandated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). This court considered a similar complaint in *Practy v. State,* 525 S.W.2d 677, (Tenn.Cr.App.1974), and held that the procedures required by our statutes, T.C.A. Sec. 40–2901, et seq., when followed, substantially and adequately comport with the procedural requirements delineated in *Morrissey and Gagnon.*

Without retracting from the view that defendant has not been deprived of any right to due process, or his constitutional right to confrontation, our perusal of this record brings to light several errors on the part of the trial judge in the course of the probation proceedings, including failure to comply with T.C.A. Sec.'s 40–2902 and 2904.

T.C.A. Sec. 40–2902 provides, in pertinent part,

"Any trial judge desiring to suspend a sentence and place the defendant or defendants on probation as provided for in Sec. 40–2901, shall first pronounce judgment against the defendant or defendants and then shall suspend the execution thereof by placing the defendant upon probation, subject to such conditions of probation as the trial judge shall deem fit and proper *and shall direct that such defendant or defendants be under the supervision of the Board of Pardons and Paroles created under Sec. 40–3601, et seq. . . . .*"

T.C.A. Sec. 40–2904 specifically provides: "The power of suspension and probation is within the sole discretion of the trial judge, *however, when a probation and paroles officer is available to the court, no defendant shall be placed on probation until a written report of investigation by a probation and paroles officer shall have been presented to and considered by the court, provided the probation and paroles officer to whom such matters have been referred shall file his report within ten (10) days after such reference. Said report shall inquire into the circumstances of the offense, criminal record, social history, and present condition of the defendant. . . .*"

On September 17, 1975 the trial judge entered judgment in this case as follows: "Upon defendant's pleas and upon proof heard, it is adjudged by the Court that the defendant is guilty of Assault and it is the judgment of the Court that the defendant *serve a term of 11 months and 29 days at the Hamilton County Penal Farm and pay all costs.* Execution will issue against the defendant for the costs. The above sentences are further ordered suspended upon payment of the costs and

further conditioned upon the defendant's good behavior for a period of 1 year, as recommended by the State."

On January 26, 1976 the petition to revoke the suspended sentence was filed. This petition contained the first mention in the record that defendant was to serve consecutive sentences of eleven months and twenty-nine days.

On September 19, 1977, an order sustaining the petition to revoke the suspended sentence and granting appeal was entered. This order recited in pertinent part:

"The defendant now being present in Court with his attorney, . . . , and hearing on said petition was held this date, and the Court, after hearing said petition and proof hereon, and giving consideration thereto, sustained said petition, *and ordered the defendant to serve the sentence heretofore imposed in this case,* . . . ."

On February 16, 1978 nearly a month after the transcript of record was forwarded to this court, an order was entered in the trial court attempting to amend the original judgment of September 17, 1975. This order reads as follows:

"Heretofore, on September 17, 1975, the above named defendant entered a plea of guilty to the offense of Assault and Battery and was sentenced to a term of 11 months and 29 days in the Hamilton County Penal Farm and the sentence was ordered to run consecutively to the sentence is Case Number 130082. The sentence was suspended on defendant's good behavior for a period of one year.

It further appearing that the order running the sentence consecutively was inadvertently left out of the Court's minute entry, and it appearing that the defendant's suspended sentence has now been revoked and the defendant has appealed the Court's decision to the Court of Criminal Appeals, it is, therefore,

ORDERED that the minute entry of September 17, 1975 be amended as follows: 'The sentence is (sic) this case is hereby ordered to run consecutively to the sentence is (sic) Case Number 130082'."

This abortive attempt on the part of the trial judge to amend a judgment entered nearly two and one-half years before is a nullity and completely void. When a conviction reflects the trial judge's approval of the jury verdict and imposition of sentence upon the defendant it is valid and complete. *State v. McClain,* 186 Tenn. 401, 210 S.W.2d 680. When judgment is pronounced by the trial court after return of a verdict it is the duty of the clerk to enter the judgment on the court's minutes. T.C.A. Sec. 18–402(3). The judgment becomes final thirty days after its entry in the absence of some procedural action to delay its efficacy. *Leek v. State,* 216 Tenn. 337, 392 S.W.2d 456; *Hethcoat v. State,* 213 Tenn. 563, 376 S.W.2d 478; *Shuey v. Frierson,* 193 Tenn. 318, 246 S.W.2d 28. The judgment of the trial court entered on September 17, 1975 became final thirty days after its entry. That judgment clearly states that defendant was to serve a term of eleven months and twenty-nine days. There is no suggestion that the sentences should be consecutive, or even that two separate sentences were adjudged. Where separate sentences are imposed upon a defendant those sentences are construed to be concurrent in the absence of a specific adjudgment by the trial court that they were to be cumulative. *Howe v. State ex rel. Pyne,* 170 Tenn. 571, 98 S.W.2d 93; *Nash v. State,* 524 S.W.2d 494, (Tenn.Cr.App.1975); *State v. Bouchard,* 554 S.W.2d 654, (Tenn. Cr.App.1977), cert. denied, 563 S.W.2d 561 (Tenn.Cr.App.1978), petition to rehear denied 2/27/78.

The judgment of the trial court of September 19, 1977, revoking defendant's suspended sentence and directing defendant to serve the sentence previously imposed is sustained. We hold that this order specifically applies to the judgment of the court of September 17, 1975 fixing defendant's sentence at a term of eleven months and twenty-nine days in the Hamilton County Penal Farm. The order of February 16, 1978 is void and without any force or effect.

Affirmed as indicated.

DAUGHTREY and BYERS, JJ., concur.