# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### JUNE SESSION, 1999

FILED

July 23, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ALONZO STEWART,           )
                          )     No. 03C01-9810-CR-00380
        Appellant         )
                          )     MORGAN COUNTY
vs.                       )
                          )     Hon. E. Eugene Eblen, Judge
STATE OF TENNESSEE,       )
                          )     (Writ of Habeas Corpus)
        Appellee          )


For the Appellant:

**Joe H. Walker**
Public Defender
119-1/2 East Broadway
Lenoir City, TN  37771

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Ellen H. Pollack**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Scott McCluen**
District Attorney General

**Roger Delp**
Asst. District Attorney General
P. O. Box 703
Kingston, TN  37763


OPINION FILED: _____


AFFIRMED


**David G. Hayes**
Judge

**OPINION**

The appellant, Alonzo Stewart, also known as Ishaaq[1] appeals as of right, from the summary dismissal of his *pro se* petition for the writ of habeas corpus. The appellant alleges in his petition that he is currently serving an effective 120 year sentence in the Department of Correction stemming from five 1983 armed robbery convictions in Davidson County. These convictions were affirmed by this court on direct appeal. See State v. Stewart, No. 84-2-III (Tenn. Crim. App. at Nashville, Oct. 24, 1984).[2] According to his petition, these robberies occurred on various dates before July 1, 1982, the effective date of the 1982 Criminal Sentencing Reform Act; however, his sentencing was conducted after the effective date and in accordance with the 1982 Act. Based upon this fact, he argues on appeal (1) sentencing him under the 1982 Act resulted in "enhanced" sentences and was "in violation of the ex post facto law" and (2) the reasonable doubt jury instruction was unconstitutional.

After review, we affirm dismissal of the petition.

First, the appellant contends that sentencing him under the provisions of the 1982 Sentencing Act, rather than the 1975 Sentencing Act resulted in his sentences being "enhanced."[3] Following his 1983 jury conviction for five counts of armed robbery, he was sentenced to 40 years on each count. Because of partial,

---

[1]The appellant alleges in his petition that his legal name is now "Ishaaq." No proof of this assertion is included in the record. Accordingly, absent this proof or an order of amendment, we use the name under which he was convicted for purposes of identity with prior proceedings.

In this regard, we note this is the appellant's fifth proceeding challenging directly or collaterally his armed robbery convictions. In addition, the appellant has filed five civil proceedings while incarcerated alleging various civil rights violations.

[2]The appellant has failed to comply with Tenn. Code Ann. § 29-21-107(b)(2) (1980) requiring production of legal process relevant to and forming the grounds for the alleged illegal restraint, which would include indictments and judgments of conviction. This noncompliance subjects the petition to dismissal.

[3]We note that in a prior petition for habeas corpus relief, the appellant argued that he should have been sentenced under the 1989 Criminal Sentencing Reform Act. See State ex rel. Stewart v. McWherter, 857 S.W.2d 875 (Tenn. Crim. App. 1992), perm. to appeal denied, (Tenn. 1993).

2

consecutive sentencing, the trial court imposed an effective sentence of 120 years. Stewart, No. 84-2-III n. 2. In his petition, the appellant alleges, "[i]n cases where the jury failed to stipulate how the sentence was to be served (in prior law), the sentence was to be served concurrently," citing Rule 32(c)(1), Tenn. R. Crim. P. and Ray v. State, 576 S.W.2d 598 (Tenn. Crim. App. 1978). The appellant's reliance upon Rule 32 and the case of Ray v. State as authority for his position is misplaced. As responded by the State in its Motion to Dismiss, "under either 'Jury Sentencing' or the 1982 Judge Sentencing Act, the determination of whether sentences ran concurrently or consecutively to each other always rested with the Court and not the jury."

More importantly, however, an issue of enhancement or excessive sentence will not support a claim for habeas corpus relief. Habeas corpus relief is limited and available in Tennessee only when the face of the judgment rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Accordingly, excluding cases where the sentence has expired, habeas corpus relief is granted only for a void judgments, i.e., "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer, 851 S.W.2d at 161). If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-101, -109 (1980). Because we find the appellant's petition fails to establish that his convictions were void or that his sentences have expired, this issue is without merit.

Next, the appellant contends that the reasonable doubt jury instruction

3

submitted at his trial was constitutionally infirm. Again, no authenticated "reasonable doubt" jury instruction is included within the record. Even so, challenges to a jury instruction are not cognizable within the context of a state habeas corpus proceeding. See Hall v. Mills, No. 01C01-9510-CV-00339 (Tenn. Crim. App. at Nashville, Aug. 1, 1996), perm. to appeal denied, (Tenn. 1996); Voss v. Raney, No. 02C01-9501-CC-00022 (Tenn. Crim. App. at Jackson, Aug. 2, 1995), perm. to appeal denied, (Tenn. 1995). Moreover, the United States Sixth Circuit Court of Appeals and the appellate courts of this state have upheld the validity of this state's pattern instruction on reasonable doubt. See Austin v. Bell, 126 F.3d 843, 846-47 (6th Cir. 1997); State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909 (1995); Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994). This issue is without merit.

Moreover, we are unable to treat the appellant's petition as one for post-conviction relief. See Tenn. Code Ann. § 40-30-205(c) (1997). Post-conviction relief must be filed in the county of the appellant's conviction, Davidson County, and not Morgan County Criminal Court. Tenn. Code Ann. § 40-30-204, -205(c) (1997). Additionally, the appellant's convictions became final in October of 1984. See Stewart, No. 84-2-III Thus, under the applicable statute of limitation, the appellant had until July 1, 1989, to file a post-conviction petition. Again, as the instant petition was not filed until July 28, 1998, the trial court correctly dismissed the petition. Accordingly, a petition for post-conviction relief is time-barred. See Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App.), perm to appeal denied, (Tenn. 1988).

For the foregoing reasons, the trial court's summary dismissal of the petition is affirmed.

4

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOHN EVERETT WILLIAMS, Judge