# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 25, 2001

## STATE OF TENNESSEE v. NOAH J. LOVE

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 162297, 162298, 162299, 162300  Joseph F. DiRisio, Judge & Douglas A. Meyer, Judge[1]**

---

**No. E2000-00254-CCA-R3-CD**
**May 16, 2001**

---

The defendant, Noah J. Love, appeals the trial court's denial of his motion to correct his sentence. The single issue presented for review is whether the trial court properly denied relief. Because the trial court had no jurisdiction to amend the sentence four years after the defendant had been transferred to the Department of Correction, the judgment is reversed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Noah J. Love, Clifton, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Dean Ferraro, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 22, 1986, the defendant pled guilty to two counts of aggravated kidnapping and two counts of assault with intent to commit rape. The trial court imposed Range I, concurrent sentences of 25 years on each of the aggravated kidnapping convictions and Range II, concurrent sentences of 10 years on each of the assault convictions. The sentences for assault with intent to commit rape were ordered to be served consecutively to the sentences for aggravated kidnapping. The effective term, therefore, was 35 years. The judgments also reflected 244 days of jail credit.

On May 14, 1990, the state filed a motion to correct a clerical error, contending that the trial court had inadvertently ordered the 244 days jail credit. Eleven days later, the trial court entered an order setting aside the credit. On March 26, 1999, almost nine years after the order modifying the amount of jail credit, the defendant filed a motion to correct the sentence, alleging that the trial court

---

[1] Judge DiRisio signed the May 25, 1990, order setting aside jail credits. On March 6, 1999, Judge Meyer denied the defendant's motion to correct the sentence.

had properly credited the 244 days as a part of the plea agreement. In addition, he maintained that the trial court had no jurisdiction to enter the order of modification.

In his motion to correct, the defendant alleged that in February of 1999, after obtaining permission to review his institutional file, he first discovered the order which deleted the 244 days of jail credit. The record contains no response from the district attorney's office. There was no evidentiary hearing. On May 6, 1999, the trial court denied relief on the basis that "Chief Deputy Clerk Edna Camp researched the defendant's record and it has been determined that he has received all the jail credit that is due him."

In this appeal, the defendant argues that the trial court lacked jurisdiction to set aside his jail credit because the order of correction was filed more than 120 days after the judgment. See Tenn. R. Crim. P. 35(b). In response, the state argues that the defendant must pursue his claim under the Uniform Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -325.

Tennessee Code Annotated Section 40-35-212 governs the jurisdiction provided trial courts in the imposition of sentences. While trial courts retain full jurisdiction over defendants awaiting transfer to the Department of Correction, including those being housed in a local jail or workhouse, such jurisdiction continues only until "the defendant is actually transferred to the physical custody of the department." Tenn. Code Ann. § 40-35-212(d); State v. Bowling, 958 S.W.2d 362 (Tenn. Crim. App. 1997).

The judgment of a trial court becomes final 30 days after entry, absent a timely notice of appeal or an appropriate post-trial motion. Tenn. R. App. P. 4. When the judgment is final, the trial court generally loses jurisdiction to alter or amend. Ray v. State, 576 S.W.2d 598, 602 (Tenn. Crim. App. 1978); State v. Bouchard, 563 S.W.2d 561, 563-64 (Tenn. Crim. App. 1977). Rule 35(b) of the Tennessee Rules of Criminal Procedure provides for an exception, however, upon a motion to correct or reduce filed within 120 days after sentence is imposed. See State v. Biggs, 769 S.W.2d 506 (Tenn. Crim. App. 1988).

It is undisputed that the defendant entered into a plea agreement with the state. The state acknowledges that the judgments entered as a part of the plea agreement awarded the defendant 244 days in jail credits, "from and after August 22, 1985." Those judgments, which were entered April 22, 1986, imposed sentences within the statutory range and otherwise bear facial validity.

The general rule is that an illegal sentence, as opposed to an erroneous sentence, may be corrected at anytime. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Here, the defendant filed a motion to correct his sentence as it was amended by the trial court's 1990 order. Typically, a challenge to an illegal sentence by an incarcerated defendant should be made by a petition for writ of habeas corpus. See Stephenson v. Carlton, 28 S.W.3d 910 (Tenn. 2000); Freddie Cupples v. State, No. 02C01-9511-CC-00333, slip op. at 3 (Tenn. Crim. App., at Jackson, Oct. 22, 1996), app. denied (Tenn. 1997). Habeas corpus relief is available when it appears on the face of the judgment or the record upon which the judgment is entered that the trial court was without jurisdiction to

sentence or that the sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993); <u>see also</u> <u>Ussery v. Avery</u>, 222 Tenn. 50, 432 S.W.2d 656 (1968).

This court has also considered an attack on an illegal sentence by way of post-conviction petition, holding that the action is not barred by the applicable statute of limitations. <u>Kevin Lavell Abston v. State</u>, No. 02C01-9807-CR-00212, slip op. at 3 (Tenn. Crim. App., at Jackson, Dec. 30, 1998) (citing <u>State v. Mahler</u>, 735 S.W.2d 226, 228 (Tenn. 1987)); <u>see also</u> <u>James Gordon Coons, III v. State</u>, No. 01C01-9801-CR-00014, slip op. at 6 (Tenn. Crim. App., at Nashville, May 6, 1999). Rule 3(b) of the Tennessee Rules of Appellate Procedure does not recognize a direct appeal of a dismissal of a motion to correct an illegal sentence, the method of attack in this instance. In the interests of justice, however, an order denying a petition to correct an illegal sentence may be treated by this court as a petition for writ of certiorari. <u>State v. Donald Ree Jones</u>, No. M2000-00381-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., at Nashville, Oct. 13, 2000); <u>see also</u> <u>State v. Leath</u>, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).

In <u>Jones</u>, a panel of this court ruled that when a petitioner seeks relief from an illegal sentence by way of habeas corpus, he may do so in the convicting court, as is the case here, rather than the court nearest his place of incarceration (Wayne County in this case) because the former can correct an illegal sentence at any time and is in possession of the records pertaining to the sentence. <u>Jones</u>, slip op. at 2-3. This court ruled that the convenience of having the records present provides a sufficient reason for the convicting court to exercise jurisdiction despite the terms of Tenn. Code Ann. § 29-21-105, which states that the habeas corpus application should be made to the court or judge most convenient in point of distance to the applicant.

In <u>State v. Bruce C. Reliford</u>, No. W1999-00826-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., at Jackson, Oct. 2, 2000), this court treated an improper appeal of a motion to correct an allegedly illegal sentence as a common law petition for writ of certiorari because the asserted claim was that the trial court had "'exceeded the jurisdiction conferred, or [was] acting illegally, when, in the judgment of the court, there [was] no other plain, speedy, or adequate remedy.'" In the interest of justice, this court chooses to treat the motion to correct as a petition for writ of certiorari.

A sentence is illegal if it directly contravened a statute in existence at the time it was imposed. <u>Taylor v. State</u>, 995 S.W.2d 78, 85 (Tenn. 1999). Here, the state's motion to correct the judgment was filed over four years after the trial court approved a plea agreement which included the entry of judgments granting jail credit. Because the effect of the amended order was to modify the term of the sentence and the trial court no longer had jurisdiction, the judgment was, in our view, illegal:

> [T]he trial judge retains jurisdiction to modify any sentence which is to be served in the jail or workhouse. . . . However, the statute deprives the court of authority to modify a sentence to the department of correction[] once the judgment is final in the trial court.

Tenn. R. Crim. P. 35, Advisory Commission Comments.

In this instance, the judgment was final at the time the order of correction was entered. Furthermore, the defendant had been transferred to the Department of Correction. The May 25, 1990, order amending the judgment is therefore null and void. In consequence, the defendant is entitled to the 244 days' jail credit. The judgment of the trial court denying relief is, therefore, reversed.

 

_____
GARY R. WADE, PRESIDING JUDGE