IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## MARTIN E. WALKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 84-S-1157     J. Randall Wyatt, Jr., Judge**

_____

**No. M2001-00328-CCA-R3-CO - Filed April 5, 2002**

_____

The petitioner, Martin E. Walker, appeals the trial court's dismissal of his motion to correct or modify his sentence.  The judgment of the trial court is affirmed.

**Tenn. R. App. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Martin E. Walker, Mountain City, Tennessee, *pro se*.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

In April of 1986, the petitioner pled guilty to one count of second degree murder.  In accordance with a plea agreement, the trial court imposed a sentence of twenty-five years.  The judgment reflects that the sentence is consecutive to a life sentence the petitioner received in 1985.  In August of 2000, the petitioner filed an application for a delayed appeal, claiming that the state had agreed to concurrent rather than consecutive terms.  The appeal was denied.  See Tenn. R. App. P. 13(c); Givens v. State, 702 S.W.2d 578, 579 (Tenn. Crim. App. 1985) (holding that this court may take judicial notice of its records on file).  The petitioner then filed a "Petition to Correct or Modify Void Sentence" in the trial court.  The trial court dismissed the petition, ruling that Rule 35 of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-35-212 prohibited modification of the sentence.  This appeal followed the dismissal.

There are three possible procedures for altering, modifying, or correcting a sentence.  First, Tennessee Code Annotated section 40-35-212 governs the jurisdiction of trial courts in the imposition of sentences.  While trial courts retain full jurisdiction over defendants awaiting transfer

to the Department of Correction, including those being housed in a local jail or workhouse, that jurisdiction continues only until "the defendant is actually transferred to the physical custody of the department." Tenn. Code Ann. § 40-35-212(d); see also State v. Bowling, 958 S.W.2d 362 (Tenn. Crim. App. 1997). The judgment of a trial court becomes final 30 days after entry, absent a timely notice of appeal or an appropriate post-trial motion. See Tenn. R. App. P. 4. When the judgment is final, the trial court generally loses jurisdiction to alter or amend. Ray v. State, 576 S.W.2d 598, 602 (Tenn. Crim. App. 1978); State v. Bouchard, 563 S.W.2d 561, 563-64 (Tenn. Crim. App. 1977). When a motion to correct or reduce is filed within 120 days after the sentence is imposed, Rule 35(b) of the Tennessee Rules of Criminal Procedure offers a second possible remedy, qualifying as an exception to the statutory limitations. See State v. Biggs, 769 S.W.2d 506, 509 (Tenn. Crim. App. 1988). Finally, "[a]s a general rule, a trial judge may correct an illegal, as opposed to an erroneous sentence, at anytime." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Rule 3(b) of the Tennessee Rules of Appellate Procedure does not recognize a direct appeal of a dismissal of a motion to correct an illegal sentence, the method of attack utilized by the petitioner in this instance. In the interests of justice, however, an order denying a petition to correct an illegal sentence may be treated by this court as a petition for writ of certiorari. State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD (Tenn. Crim. App., at Nashville, Oct. 13, 2000); see also State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). In State v. Reliford, No. W1999-00826-CCA-R3-CD (Tenn. Crim. App., at Jackson, Oct. 2, 2000), for example, this court treated an improper appeal of a motion to correct an allegedly illegal sentence as a common law petition for writ of certiorari because the asserted claim was that the trial court had "'exceeded the jurisdiction conferred, or [was] acting illegally, when, in the judgment of the court, there [was] no other plain, speedy, or adequate remedy.'"

Here, the petitioner argues that the imposition of consecutive sentences violated his contractual agreement with the state. As to plea agreements, contract principles have limited applicability. See State v. Howington, 907 S.W.2d 403, 407 (Tenn. 1995); see also State v. Brown, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) ("[A] judgment of conviction is not a contract, and principles of contract law do not apply."). A sentence is illegal if it directly contravened a statute in existence at the time it was imposed. Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999).

Notably, neither the plea agreement nor the judgment appeared in the record originally filed with this court. In order to provide a complete review, this court directed that the record be supplemented to include the documents necessary for a full consideration. See Tenn. R. App. P. 24(e). The record, as supplemented, establishes two important facts. First, the judgment and the Petition to Enter Plea of Guilty signed by the petitioner document that, contrary to his assertions, the twenty-five year sentence is to be served consecutively to the 1985 life sentence. Moreover, the transcript of the petitioner's guilty plea establishes that the petitioner was made aware that the sentences would be served consecutively. Finally, consecutive sentences in this instance do not contravene any statute in existence at the time of their imposition. The interests of justice, under these circumstances, do not warrant the treatment of the order denying the petitioner's motion as a

petition for writ of certiorari. In our view, the trial court correctly concluded that it was without cause or authority to either modify or correct the consecutive, twenty-five year sentence.

Accordingly, the judgment of the trial court is affirmed.

_____

GARY R. WADE, PRESIDING JUDGE