IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

## JAMES CLARK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. M-27596     J. C. McLin, Judge**

---

**No. W2004-00326-CCA-R3-CD  - Filed August 18, 2004**

---

The petitioner, James Clark, appeals the trial court's dismissal of his motion to correct an illegal sentence.  Because the petitioner has no appeal as of right under Tennessee Rule of Appellate Procedure 3(b), the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

James Clark, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; and Stephanie Zander Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1991, the petitioner and a co-defendant, Ronald Honaker, were arrested while attempting to sell stolen items to the manager of a pawn shop.  State v. James Clark and Ronald Gene Honaker, No. 02C01-9206-CR-00149 (Tenn. Crim. App., at Jackson, Oct. 20, 1993), slip op. at 2-3.  After being handcuffed and placed in the back seat of a patrol car, the petitioner managed to free one hand, remove a .25 caliber pistol, and shoot one of the officers transporting him twice in the head.  Slip op. at 3-4.  The other officer jumped from the vehicle but was shot once in the back of the head before the petitioner drove away in the patrol car.  Id.  A short while later, the petitioner was apprehended by police and he ultimately confessed to his crimes.  Id.  The record indicates that the petitioner was convicted of two counts of aggravated burglary, two counts of especially aggravated robbery, three counts of theft over $1,000, and two counts of attempt to commit first degree murder. The petitioner qualified as a career offender on a portion of the offenses and a Range III persistent offender on others.  The effective sentence imposed was 127 years.

While there is no dispute that the notice to enhance the range of sentences accurately identified the offenses, the dates of the offenses, the courts of adjudication, and the dates of the convictions, it incorrectly identified one of the indictment numbers as 88-02981 rather than 88-02891. When the state discovered its error on the date of sentencing, the trial court allowed a correction of the indictment number and imposed enhanced terms based upon the applicable range. On direct appeal, this court affirmed the convictions and sentences. See id. Application for permission to appeal to the supreme court was denied May 16, 1994. Our supreme court concurred in results only.

On August 12, 2003, the petitioner filed a motion to correct an illegal sentence, arguing that the trial court lacked jurisdiction because the state had failed to file an adequate notice of intent to seek enhanced punishment as required by Tennessee Code Annotated section 40-35-202(a). The trial court denied relief, ruling that the sentence was not illegal.

The petitioner has appealed, arguing that the court of conviction acted illegally by imposing the enhanced terms. In response, the state argues that the petitioner does not have an appeal of right from the denial of a motion to correct an illegal sentence. The state submits that because Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal, the only remedy available to the petitioner is a common law writ of certiorari under Tennessee Code Annotated section 27-8-101. The state contends, however, that granting the writ in this case is not warranted.

There are three possible procedures for altering, modifying, or correcting a sentence. First, Tennessee Code Annotated section 40-35-212 governs the jurisdiction of trial courts in the imposition of sentences. While the judgment of a trial court becomes final 30 days after entry, absent a timely notice of appeal or an appropriate post-trial motion, see Tenn. R. App. P. 4, the trial court retains full jurisdiction so long as the defendant is confined in a local jail or workhouse "until such time as the defendant is actually transferred to the physical custody of the department," Tenn. Code Ann. § 40-35-212(d); see also State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). Otherwise, the trial court generally loses jurisdiction to alter or amend the sentence once the judgment has become final. Ray v. State, 576 S.W.2d 598, 602 (Tenn. Crim. App. 1978); State v. Bouchard, 563 S.W.2d 561, 563-64 (Tenn. Crim. App. 1977). When a motion to correct or reduce the sentence is filed within 120 days after the sentence is imposed, Rule 35(b) of the Tennessee Rules of Criminal Procedure offers a second possible remedy, qualifying as an exception to the statutory limitations. See State v. Biggs, 769 S.W.2d 506, 509 (Tenn. Crim. App. 1988). Finally, "[a]s a general rule, a trial judge may correct an illegal, as opposed to an erroneous sentence, at anytime, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

As pointed out by the state, Rule 3(b) of the Tennessee Rules of Appellate Procedure does not recognize a direct appeal of a dismissal of a motion to correct an illegal sentence, the method of attack utilized by the petitioner in this instance. See also Cox v. State, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001). In the interests of justice, however, an order denying a petition to correct an illegal sentence may be treated by this court as a petition for writ of certiorari. Cox, 53 S.W.3d at 294; see also State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); State v. Reliford, No.

W1999-00826-CCA-R3-CD (Tenn. Crim. App., at Jackson, Oct. 2, 2000); State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD (Tenn. Crim. App., at Nashville, Oct. 13, 2000). Tennessee Code Annotated section 27-8-101 provides that the writ of certiorari may be granted when the trial court has "exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

In State v. Johnson, our supreme court concluded that a writ of certiorari would be proper in the following circumstances:

(a) Where the ruling represents a fundamental illegality[;]
(b) [w]here the ruling constitutes a failure to proceed according to the essential requirements of law[;]
(c) [w]here the ruling is tantamount to the denial of a day in court[;]
(d) [w]here the action of the trial judge was without legal authority[;]
(e) [w]here the action of the trial judge constituted a plain and palpable abuse of discretion[; and]
(f) [w]here either party has lost a right or interest that may never be recaptured.

569 S.W.2d 808, 815 (Tenn. 1978) (citations omitted). In Johnson, the supreme court, observing that a wrong must have a procedural remedy, ruled that "the ultimate test must be whether, absent the use of the common law writ, either party to a criminal action loses a right or forfeits an interest that can never be recaptured." Id. at 815-16.

If there had been a wrong in the case at issue, this court would afford a remedy. Tennessee Code Annotated section 40-35-202 provides in pertinent part as follows:

If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea. . . . Such statement . . . must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions. . . .

Tenn. Code Ann. § 40-35-202(a). The notice was timely filed in this instance and included the required information as to the prior offenses. The only deficiency complained of is that the original notice, which was corrected on the date of sentencing, contained a clerical mistake as to one of the indictment numbers.

In State v. Adams, 788 S.W.2d 557, 558 (Tenn. 1990), our supreme court ruled that the purpose of the notice requirement is to provide a defendant with "fair notice" that he is "exposed to other than standard sentencing." When the information provided is incomplete or incorrect, the inquiry is whether the notice was "materially misleading." Id. at 559. Further, when the state substantially complies with the notice requirement, the defendant "has a duty to inquire about an

ambiguous or incomplete notice and must show prejudice to obtain relief." Id. Absent a showing of prejudice, a continuation of the sentencing proceeding is the petitioner's exclusive remedy. State v. Stevenson, 752 S.W.2d 80, 81 (Tenn. 1988); State v. Debro, 787 S.W.2d 932 (Tenn. Crim. App. 1989).

There is a difference between an illegal sentence and an erroneous sentence. To qualify as illegal, a sentence must be in direct contravention of a statute and can be set aside by a trial court at anytime, even after the judgment has become final. Burkhart, 566 S.W.2d at 873. An allegation that a sentence is erroneous, on the other hand, cannot be made after the judgment becomes final. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). In our view, the argument by the petitioner is that the judgment was erroneous because the state had filed an inadequate notice. That is an allegation of error which should have been addressed on direct appeal of the convictions and sentences. The petitioner failed to do so. Moreover, the sentences do not appear to be erroneous. As indicated, the notice provided by the state identified the nature of the prior convictions, as well as the dates and courts of conviction. Because the trial court had jurisdiction to impose the sentences that it did, granting a writ of certiorari would not be proper.

Accordingly, because the petitioner has no appeal as of right and because granting a writ of certiorari is not proper, the appeal is dismissed.

_____
GARY R. WADE, PRESIDING JUDGE