IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2020

## ROY L. CRAWFORD v. GEORGIA CROWELL, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-19-CR-42     Stacy L. Street, Judge**

FILED

APR 0 2 2020

Clerk of the Appellate Courts
Rec'd By ~RGDoyal~

**No. E2019-01199-CCA-R3-HC**

The Petitioner, Roy L. Crawford, appeals the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus for the alleged unlawful detainment related to an escape charge, for which he was not convicted, and to his second degree murder conviction, for which he received a life sentence. The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Roy L. Crawford, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the 1970s, the Petitioner was convicted of eight felonies, which included armed robbery with a deadly weapon, assault with the intent to commit murder, and second degree murder. *See Roy L. Crawford v. Tenn. Dept. of Correction*, No. M2009-00439-COA-R3-CV, 2010 WL 3715542, at *1 (Tenn. Ct. App. Sept. 21, 2010) (mem.). In June 1978, the Petitioner received an "extended furlough," and he was required to report to a parole officer and to obtain consent before leaving Tennessee. *Id.* The Petitioner relocated to California in November 1978, and the Department of Correction placed the Petitioner on escape status. *Id.* In 1980, the Petitioner was subsequently convicted of arson in California, and he was released to parole after serving three years' confinement and was returned to Tennessee. *Id.* In 1984, the Petitioner was charged with two felonies

related to his possession of a firearm and was later convicted. *Id.* By July 1985, the Petitioner was confined to a Tennessee prison. *Id.* After serving the remainder of his ten-year sentence for armed robbery, he began serving a life sentence for second degree murder. *Id.* The Petitioner repeatedly requested a parole hearing for the life sentence, all of which were denied, and in 2004, he sought a declaratory judgment relative to the denial of his requests for a parole hearing. *Id.* at *2. The complaint was ultimately dismissed, and the denial of relief was affirmed on appeal. *Id.*

Before 1988, the Petitioner filed a "hybrid petition" that was treated by this court as a petition for post-conviction relief and a petition for a writ of habeas corpus. *See Roy L. Crawford*, No. 21, 1988 WL 7410, at *1 (Tenn. Crim. App. Feb. 3, 1988). Although this court's opinion does not specify which conviction the Petitioner challenged, this court affirmed the trial court's denial of relief. *Id.*

On February 19, 2019, the Petitioner filed the present petition for a writ of habeas corpus, alleging that he was being unlawfully confined "on a detainer" warrant for escape without having been convicted of escape. The petition did not refer to his second degree murder conviction and life sentence. On March 5, 2019, the State sought a dismissal of the petition on the grounds that (1) the Petitioner had failed to comply with the procedural requirements for seeking habeas corpus relief because the judgments of conviction were not attached to the petition and (2) he had failed to show his sentence had expired or that his confinement was unlawful because his confinement was related to his second degree murder conviction, not escape. The Petitioner filed a response to the State's motion to dismiss in which he alleged for the first time that when he returned to the Department of Correction for escape, "there [was] no Mittimus or judgment paper on the life sentence." The habeas corpus court summarily dismissed the petition after determining that the petition was not "well taken." This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He argues that his confinement for second degree murder is unlawful because he was not "provid[ed] a judgment document on the life sentence." The State responds that the habeas corpus court properly dismissed the petition because the Petitioner failed to state a colorable claim for relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to

sentence the defendant or that the defendant's sentence has expired. *Archer*, 851 S.W.2d at 161; *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner alleged that his confinement for escape was unlawful without a judgment of conviction, but his appellate brief focuses on his confinement for second degree murder. To the extent that he argues on appeal that his confinement for escape is unlawful, the record does not contain information related to escape. Rather, the record reflects that the Petitioner is serving a life sentence for second degree murder, and as a result, he has failed to show that his confinement is related to escape. As a result, the habeas corpus court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief on this basis.

Relative to his second degree murder conviction and life sentence, he argues that although he received a life sentence for the conviction, he did not receive "any mittimus or judgment of the trial court on the life sentence." He asserts that without the entry of judgment reflecting the conviction and life sentence, his confinement is unlawful. However, the limited procedural history in this case does not reflect that a judgment was not entered upon his conviction for second degree murder. The Petitioner's allegation that he did not receive a judgment reflecting the conviction and life sentence is not evidence that a proper judgment was not entered. We note that although the Petitioner claims a judgment form does not exist, a judgment may have been entered effectively by the trial court minutes. *See State v. Bouchard*, 563 S.W.2d 561, 563 (Tenn. Crim. App. 1977) (stating that a trial judge has the obligation to "pronounce judgment immediately after the return of a verdict" and that the court clerk is "required to enter the judgment on the court's minutes"). The trial court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE