FILED
02/20/2026
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2026

## STATE OF TENNESSEE v. MARTY ALLISON HOBDY, JR.

**Appeal from the Criminal Court for Sumner County**
**No. 83CC1-2022-CR-828      Dee David Gay, Judge**

_____

### No. M2025-00654-CCA-R3-CD

_____

The Defendant, Marty Allison Hobdy, Jr., was convicted of aggravated assault and placed on probation for seven years. While on probation, he was charged with a second assault but was acquitted by a jury. After the acquittal, the State sought to revoke the Defendant's suspended sentence based on the same alleged conduct. At the revocation hearing, the State presented no proof and instead urged the trial court to rely on its memory of testimony and credibility assessments from the prior trial. The trial court revoked the Defendant's probation on that basis. On appeal, the Defendant contends, among other things, that the State's procedure caused the trial court to cease functioning as a neutral and detached decisionmaker. Upon our review, we agree with the Defendant. Accordingly, we respectfully reverse and vacate the order revoking the Defendant's suspended sentence and remand the case for a new hearing.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed; Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JOHN W. CAMPBELL, SR., JJ., joined.

Clare A. Zanger, White House, Tennessee, for the appellant, Marty Allison Hobdy, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Thomas B. Dean, District Attorney General; and David G. Vorhaus, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On May 1, 2023, the Defendant pleaded guilty in the Sumner County Criminal Court to aggravated assault as a Range II, multiple offender. The trial court imposed a seven-year sentence, suspended it, and placed the Defendant on supervised probation.

Approximately three months later, the Defendant was arrested in Sumner County and charged with new criminal offenses, including a second aggravated assault. The trial court issued a probation violation warrant but deferred resolution of the alleged violation until after a jury trial on those offenses. Following a December 2024 trial, a jury found the Defendant not guilty of all charges.

### A.   THE PROBATION VIOLATION HEARING

After the Defendant's acquittal, the State sought to revoke the Defendant's suspended sentence based on the new offenses, and the trial court conducted a revocation hearing in March 2025. At the outset of the hearing, the court noted that the Defendant had received a seven-year probationary sentence for aggravated assault and that, while on probation, he had been arrested on new charges. The court acknowledged the jury's acquittal but recognized that the probation violation warrant remained pending.

At the revocation hearing, the State did not introduce witnesses, exhibits, transcripts, or other proof. Instead, it summarized portions of the testimony presented at the Defendant's December 2024 jury trial and relied exclusively on those representations. The State also asked the trial court to rely on its recollection of the testimony presented during that trial.

For his part, the Defendant did not testify and did not concede that he violated the conditions of his probation. Instead, the Defendant's counsel objected that the court's reliance on its personal recollection of testimony from the prior jury trial compromised the requirement of a neutral and detached decisionmaker. She stated that she would likely have filed a motion to recuse had she known the court would be asked to proceed in that manner.

The Defendant's counsel also introduced certified copies of the judgments of acquittal, which the trial court admitted into evidence. She argued that the acquittal was the only evidence properly before the court and that the probation violation warrant was based solely on the fact of the Defendant's arrest rather than new criminal conduct. Counsel asked for a dismissal of the probation violation warrant or reinstatement of probation with credit for time served.

### B.    THE TRIAL COURT'S FINDINGS AND REVOCATION DECISION

After hearing the arguments of counsel, the trial court explained that it was required to determine whether the Defendant violated the conditions of his probation and, if so, what consequence should follow. The court acknowledged the jury's acquittal but stated that the acquittal did not preclude the finding of a probation violation.

The court further noted that it had presided over the jury trial, observed the witnesses, and assessed their credibility. It concluded that it could consider the testimony and circumstances presented at the December 2024 trial and, on that basis, found that the Defendant violated the conditions of his probation.

In determining the appropriate consequence, the court referenced the circumstances of the Defendant's original 2022 offense, reading from the affidavit of complaint contained in the court file. The court stated that the affidavit reflected a pattern of anger-related conduct and observed what it perceived to be similar circumstances in the alleged new offenses. Relying on these considerations, the court concluded that full revocation of the Defendant's suspended sentence was warranted.

The trial court entered a written order fully revoking the Defendant's suspended sentence on April 14, 2025. The Defendant filed a timely notice of appeal twenty-one days later. *See* Tenn. R. App. P. 4(a).

### ANALYSIS

In this appeal, the Defendant raises several challenges to the revocation of his probation. He first argues that the probation revocation proceedings were not conducted in a timely manner, in violation of Tennessee Code Annotated section 40-35-311(b) (2025). He next asserts that the revocation hearing violated his due process rights. In particular, he contends that the trial court ceased to act as a neutral and detached decisionmaker by

relying on its recollection of witness testimony and credibility from the prior jury trial instead of evidence introduced at the revocation hearing.

The Defendant also raises additional challenges to the proceedings. He questions whether probation may be revoked following a jury acquittal and whether he received adequate notice of the alleged violations. Finally, he challenges the trial court's reliance on the officer's affidavit of complaint from his original crime when determining the consequences of the alleged violations.

We address each of these issues in turn.

## A.    TIMELINESS OF THE REVOCATION HEARING

The Defendant first challenges the timeliness of the probation revocation proceedings, asserting that more than eighteen months elapsed between service of the probation violation warrant and the revocation hearing. He argues that this delay violated the requirement that a revocation hearing be held "at the earliest practicable time." *See* Tenn. Code Ann. § 40-35-311(b). He also contends that the delay prejudiced his ability to defend against the alleged violations.

In response, the State asserts that the Defendant waived any challenge to the timing of the revocation hearing by failing to raise the issue in the trial court. The State further argues that the statute does not impose a self-executing or jurisdictional requirement on the trial court and that, in the absence of a contemporaneous objection or demand for an earlier hearing, the issue is not preserved for appellate review. We agree with the State.

As an appellate court, our authority generally extends only to those issues that have been "formulated and passed upon in some inferior tribunal." *State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022) (citation and internal quotation marks omitted). To preserve an issue for appellate review, a party must assert a timely objection in the trial court that identifies the specific ground for relief. *State v. Ruiz*, 716 S.W.3d 439, 453 (Tenn. Crim. App. 2024). This requirement serves an important function: it ensures that the trial court has the opportunity to assess the alleged error and correct it at a stage when effective relief is still possible. *State v. Kennedy*, No. M2013-02207-CCA-R9-CD, 2014 WL 4953586, at *10 (Tenn. Crim. App. Oct. 3, 2014), *no perm. app. filed*. For this reason, we have long been "extremely hesitant to put a trial court in error where its alleged shortcoming has not been

the subject of a contemporaneous objection." *State v. Thompson*, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

Although the Defendant frames his claim in statutory terms, Tennessee Code Annotated section 40-35-311(b) does not impose an obligation on the trial court to conduct a revocation hearing within a particular time frame. Rather, the question of whether a hearing was held at the "earliest practicable time" is necessarily a fact-dependent inquiry that requires the record to be developed in the trial court. Absent an objection or request for an earlier hearing, the trial court is afforded no meaningful opportunity to assess the reason for any delay or to determine whether relief is warranted.

Here, the Defendant does not dispute that he failed to object to the timing of the revocation proceedings either before or during the hearing. The record likewise does not reflect that the Defendant demanded an earlier hearing or objected to deferring the revocation proceedings until after the resolution of the related criminal charges. Because the Defendant raises this issue for the first time on appeal, we conclude that it is waived. *See State v. Crain*, No. W2010-00274-CCA-R3-CD, 2011 WL 579114, at *2 (Tenn. Crim. App. Feb. 17, 2011) ("If the defendant had a viable speedy trial contention, she should have argued it before her probation revocation hearing, and in the event of an adverse ruling, preserved the issue for argument on appeal."), *no perm. app. filed*; *see also State v. Rose*, No. W2021-00995-CCA-R3-CD, 2022 WL 2116486, at *3 (Tenn. Crim. App. June 13, 2022), *no perm. app. filed*; Tenn. R. App. P. 36(a). The Defendant is not entitled to relief on this ground.

## B. DUE PROCESS CHALLENGES

The Defendant next contends that the probation revocation proceedings violated his rights to due process and to confront the witnesses against him. He asserts that the State presented no proof at the revocation hearing and that the trial court relied on its recollection of testimony from his prior trial rather than evidence introduced at the hearing. The State responds that the Defendant failed to preserve these constitutional claims and that, in any event, the trial court acted within its authority in considering the proof from the earlier trial.

As a threshold matter, we must determine which of these constitutional claims were preserved for appellate review. As we explain below, the Defendant did not preserve broad due process or Confrontation Clause challenges to the State's method of proof. However, he did preserve a narrower due process claim: that the trial court lost its neutrality when it

based the revocation on what it remembered from the prior trial instead of on proof introduced at the revocation hearing.

We begin by addressing the preservation of the Defendant's constitutional claims.

### 1.    Preservation of Appellate Issues

The State asserts that the Defendant did not raise his due process and Confrontation Clause claims in the trial court and has therefore waived them on appeal. It is well settled that issues presented to an appellate court must first be presented to, and passed upon by, the trial court. This obligation applies to both constitutional and non-constitutional claims. *State v. Vance*, 596 S.W.3d 229, 253 (Tenn. 2020).

Relatedly, a party may not raise one issue in the trial court and then advance a materially different ground or theory on appeal. As this court has explained:

> An appellant cannot raise an issue for the first time on appeal nor can [he or she] change their arguments on appeal. In other words, a party may not take one position regarding an issue in the trial court, change [his or her] strategy or position in mid-stream, and advocate a different ground or reason on appeal.

*State v. Hardison*, 680 S.W.3d 282, 309 (Tenn. Crim. App. 2023) (citation and internal quotation marks omitted). At the same time, appellate courts must review the record carefully to determine whether an issue has been preserved, taking care not to exalt form over substance. *State v. Reynolds*, 635 S.W.3d 893, 926-27 (Tenn. 2021).

Here, the record reflects that the Defendant specifically objected to the manner in which the revocation hearing was conducted. He argued that the State presented no "independent evidence," called no witnesses, and offered no affidavits or other authenticated proof. He further challenged the State's reliance on the court's recollection of the trial evidence, explaining that the State was "relying on having Your Honor incorporate what Your Honor heard during the trial." When the court indicated that it intended to proceed in that manner, the Defendant asserted that doing so would prevent the court from functioning as a "neutral and detached" decisionmaker.

Both the State and the trial court understood and addressed that objection. The State addressed the claim in its argument, denying that recusal was warranted. The trial court also expressly acknowledged that "the defense is taking a position that this [c]ourt can be no longer neutral and detached," but nevertheless concluded that it could consider the proof presented at the Defendant's trial.[1] Looking to the substance of the Defendant's argument, we conclude that he preserved a due process claim grounded in the neutrality of the tribunal.

However, the same is not true of the Defendant's broader constitutional claims. At no point during the hearing did the Defendant invoke general principles of due process, the Confrontation Clause, or limitations on cross-examination. He did not request that the State produce witnesses, nor did he argue that the State was required to show good cause for proceeding without live testimony. *Cf. State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993); *State v. Walker*, 307 S.W.3d 260, 264 (Tenn. Crim. App. 2009). Apart from the objection directed to the court's neutrality, the record does not demonstrate that either the State or the trial court understood that the Defendant was asserting additional constitutional objections.

Accordingly, we conclude that the Defendant has waived plenary review of his broad due process and Confrontation Clause claims. *See Hardison*, 680 S.W.3d at 309. We therefore confine our review to the preserved neutrality claim and examine whether the procedure employed at the revocation hearing satisfied that due process requirement.

## 2.    Neutral and Detached Decisionmaker

The Defendant argues that due process was not satisfied because the trial court failed to act as a neutral and detached decisionmaker. More specifically, he contends that the court based the revocation on its recollection of testimony and credibility assessments from the prior jury trial, rather than on proof introduced at the revocation hearing. The State

---

[1] Claims that a trial court lacks neutrality or should be disqualified are ordinarily raised in a timely motion for recusal supported by an affidavit. *See* Tenn. Sup. Ct. R. 10B; *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). In this case, the Defendant did not file a written motion for recusal or submit an affidavit identifying grounds for disqualification. The trial court, however, did not deny the Defendant's objection on procedural grounds and instead addressed the substance of the neutrality concern. Under these circumstances, the Defendant's failure to comply with the procedural requirements of Rule 10B does not result in waiver of this issue for plenary appellate review. *See State v. Coleman*, No. M2017-00264-CCA-R3-CD, 2018 WL 1684365, at *9 (Tenn. Crim. App. Apr. 6, 2018), *no perm. app. filed*.

responds that a judge's familiarity with a defendant or the underlying facts from prior proceedings does not, standing alone, establish bias or a lack of neutrality. Although we agree with that general proposition, we conclude that the procedure employed at this revocation hearing did not comport with the requirement of a neutral and detached decisionmaker.

### a.      Reliance on Testimony from Prior Proceedings

Probation revocation proceedings are not criminal prosecutions, but they must still satisfy the "minimum requirements of due process" recognized in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and extended to probationers in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *See, e.g.*, *Black v. Romano*, 471 U.S. 606, 611 (1985); *State v. Leiderman*, 86 S.W.3d 584, 590 (Tenn. Crim. App. 2002). Those protections include written notice of the alleged violations, disclosure of the evidence against the defendant, an opportunity to be heard and to present proof, the right to confront and cross-examine adverse witnesses absent a finding of good cause, a neutral and detached decisionmaker, and a written statement of the evidence relied upon and the reasons for revocation. *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993) (citing *Gagnon*, 411 U.S. at 786).

A court's neutrality may be compromised by personal bias or prejudice. *See* Tenn. Sup. Ct. R. 10, RJC 2.11(A). That said, the mere fact that a trial judge presided over earlier proceedings involving the same defendant or the same underlying facts does not, by itself, establish bias or partiality. *See State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *State v. Suttles*, 30 S.W.3d 252, 264 (Tenn. 2000). Judges routinely preside over related matters involving the same parties, and "[a]dverse rulings, standing alone, are insufficient to establish bias." *Cannon*, 254 S.W.3d at 308.

Neutrality and detachment, however, may be compromised in other ways, such as when a court departs from its role as an adjudicator and becomes a source of evidence. As this court has explained, "[i]t matters not what is known to the judge personally if it is not known to him in his official capacity," and a court may not base its decision on facts derived from personal knowledge rather than evidence properly introduced into the record. *State v. Brooks*, No. W2015-00833-CCA-R3-CD, 2017 WL 758519, at *10 (Tenn. Crim. App. Feb. 27, 2017), *no perm. app. filed*.

Although a court may consider facts outside the record if they are proper subjects of judicial notice, that authority extends only to facts that are generally known or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

be questioned." Tenn. R. Evid. 201(b); *Brooks*, 2017 WL 758519, at *11, *14. Apart from judicial notice, though, it is "inappropriate and, generally, reversible error" for a factfinder to base a decision on observations outside the judicial proceeding under review. *Brooks*, 2017 WL 758519, at *10.

This limitation applies with particular force when a court relies on its recollection of testimony and assessments of witness credibility from a separate proceeding. In *State v. Crowe*, this court addressed that precise concern in the context of a probation revocation hearing. *See State v. Crowe*, No. 03C01-9606-CC-00225, 1997 WL 420779 (Tenn. Crim. App. July 29, 1997). There, the State relied entirely on testimony from a prior criminal trial that ended in a mistrial, but did not introduce a transcript of that testimony into the revocation record. Instead, the trial court relied on its personal recollection of the substance and weight of the earlier testimony and revoked the defendant's suspended sentences on that basis. *Id.* at *1-2.

On appeal, we carefully distinguished between permissible judicial recognition of prior proceedings and impermissible reliance on personal recollection to resolve disputed factual issues. We explained that a trial court may recognize that witnesses testified to particular facts in an earlier proceeding. *Id.* at *3. A trial court may not, however, evaluate the credibility or weight of that testimony based on personal recollection where the witnesses "had not testified in the [revocation] proceeding and [their] credibility had not been previously established by judgment or jury verdict." *Id.*

We further recognized that credibility determinations and assessments of testimonial weight are not proper subjects of judicial notice. *Id.* For that reason, a court may not rely on personal recollection for such an evaluation when credibility has not been established by a judgment or jury verdict. In such circumstances, the court moves "out of the realm of judicial notice" and becomes, "in effect, a witness in the proceeding." *Id.*

Our courts have applied this same principle from *Crowe* across various procedural contexts. Whether in criminal or civil proceedings, a trial court may not rely upon its personal recollection of the demeanor, credibility, or character of testimony offered in a separate proceeding to resolve a contested issue of fact. *Camacho v. Camacho*, No. M2021-00994-COA-R3-CV, 2022 WL 5325998, at *8 (Tenn. Ct. App. Oct. 7, 2022), *no perm. app. filed*. By relying on its own recollection of testimony not presented in the proceeding under review, the court "cross[es] over the invisible barrier of impartiality to become a witness or advocate for one party." *Id.* "The rationale underlying such a rule is that by taking notice of matters which are not of record, the court in effect becomes a

witness to the proceeding." *State v. Vengrin*, No. W1999-01512-CCA-R3-CD, 2000 WL 1670933, at \*2 (Tenn. Crim. App. Oct. 25, 2000), *perm. app. denied* (Tenn. Apr. 9, 2001).

Importantly, these cases do not suggest that a trial court loses neutrality merely because it presided over a prior proceeding involving the same defendant or underlying facts. Rather, they draw a narrower line: a court may not resolve disputed factual or credibility issues by supplying evidence from its own recollection when (1) the testimony has not been introduced into the proceeding being decided; and (2) the witnesses' credibility has not been established by a judgment or jury verdict. *See Crowe*, 1997 WL 420779, at \*3. In those circumstances, the defect lies not in the court's prior involvement in the case, but in its substitution of personal recollection for evidence subject to adversarial testing in the record.

### b.      Application to the Present Case

Applying the principles articulated in *Crowe* and its progeny, we conclude that the revocation hearing, as conducted here, did not provide a neutral and detached decisionmaker contemplated by due process.

At the revocation hearing, the State elected not to present witnesses or introduce documentary evidence to establish a probation violation. The State did not offer a transcript of the prior jury trial or otherwise place that testimony into the revocation record. Instead, it expressly urged the trial court to find a violation by relying on its recollection of testimony *and* credibility assessments from the earlier jury trial.

Significantly, the prior criminal proceeding resulted in a jury acquittal, and thus, the credibility of the State's witnesses was not established by a judgment or jury verdict. In the absence of proof introduced at the revocation hearing and without previously established credibility, the revocation determination depended upon testimony and credibility assessments that were not part of the record in this proceeding.

This circumstance presents the same structural concern we identified in *Crowe*. Accordingly, we respectfully reverse the order revoking the Defendant's probation and

remand the case for a new probation revocation hearing conducted under the proper evidentiary framework.[2]

## C.   OTHER ISSUES RAISED BY THE DEFENDANT

In light of our conclusion that the case must be remanded for a new hearing, the Defendant's remaining issues may be rendered moot. We nevertheless recognize the possibility that the parties may seek further appellate review. Accordingly, we address the Defendant's remaining claims to avoid pretermitting any issue raised in this appeal. *See State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999) (holding that, even after finding the evidence legally insufficient, an intermediate appellate court must address remaining issues); *Jacobs v. State*, 450 S.W.2d 581, 581 (Tenn. 1970) (stating that intermediate appellate courts may not pretermit issues entirely).

### 1.   Probation Revocation Following an Acquittal

Turning to the Defendant's remaining issues, the Defendant first argues that once a defendant has been acquitted of certain charges, a trial court acts "in conflict with the right to a jury trial" by later finding the same conduct to violate the conditions of probation. The State does not respond specifically to this argument. Nevertheless, we respectfully disagree that the law categorically prohibits a probation revocation proceeding following an acquittal at a jury trial.

This court has long recognized that "[p]roof of a conviction is not necessary" to sustain a probation violation based on new criminal conduct. *State v. Nelson*, No. W2018-00951-CCA-R3-CD, 2019 WL 2635612, at *6 (Tenn. Crim. App. June 26, 2019), *no perm. app. filed*. Accordingly, "[t]he disposition of a new charge does not determine the outcome of a revocation hearing[.]" *State v. Martin*, No. M2013-00867-CCA-R3-CD, 2013 WL 6835187, at *7 (Tenn. Crim. App. Dec. 23, 2013), *no perm. app. filed*. This principle reflects the fundamental distinction between a criminal prosecution, which requires proof

---

[2]    The Defendant does not allege that the trial court was actually biased or prejudiced against him, and he has not requested reassignment to a different judge on remand. Under the unique circumstances of this case, we conclude that issues relating to recusal, if any, may be addressed on remand. *See Culbertson v. Culbertson*, 455 S.W.3d 107, 157-58 (Tenn. Ct. App. 2014).

of guilt beyond a reasonable doubt, and a probation revocation proceeding, which requires proof of a violation by a preponderance of the evidence.

Consistent with that distinction, a trial court is not bound by a jury's acquittal when exercising its supervisory authority over a probationer. As this court has explained:

> The trial court is free to exercise its judgment based on the proof in the record supporting a new criminal offense and is not bound by an acquittal. If the proof supports a finding that the defendant violated probation by engaging in criminal conduct, an acquittal on the same conduct does not preclude the trial court from revoking probation for the new criminal conduct.

*State v. Craig*, No. M2020-01124-CCA-R3-CD, 2021 WL 2822189, at *3 (Tenn. Crim. App. July 7, 2021) (citing *State v. Delp*, 614 S.W.2d 395 (Tenn. Crim. App. 1980)), *no perm. app. filed*. In other words, an acquittal and dismissal of criminal charges "are 'largely irrelevant' when there is some substantial proof of the underlying facts that constitute a violation presented at the revocation hearing." *State v. Burnice*, No. M2023-00793-CCA-R3-CD, 2024 WL 1266905, at *4 (Tenn. Crim. App. Mar. 26, 2024) (citation and internal quotation marks omitted), *perm. app. denied* (Tenn. June 20, 2024).

Probation revocation proceedings serve a remedial function, not a punitive one. *See State v. Hayes*, 190 S.W.3d 665, 669 (Tenn. Crim. App. 2005). As such, we reaffirm that "[a] trial judge at a revocation hearing is not bound by an acquittal of a criminal offense which occurs, as in this case, after a suspended sentence is granted, when it appears that a defendant is guilty of conduct inconsistent with good citizenship." *Ray v. State*, 576 S.W.2d 598, 600 (Tenn. Crim. App. 1978). Accordingly, we conclude that the Defendant's categorical challenge to the revocation proceeding based on his prior acquittal is without merit.

### 2. Notice of the Violations Alleged in the Warrant

The Defendant next argues that the probation violation warrant failed to provide sufficient notice of the conduct for which he was being called to answer. He contends that the warrant alleged only the fact of his arrest for new offenses and did not describe the underlying criminal conduct. The State responds that the probation violation warrant identified both the conduct at issue and the conditions of probation that the Defendant was alleged to have violated. We agree with the State.

Due process requires that a probationer receive notice of the alleged grounds for which the State seeks a revocation of probation. *See Gagnon*, 411 U.S. at 790; *see also, e.g., State v. Stewart*, No. W2019-02158-CCA-R3-CD, 2021 WL 1697302, at *3 (Tenn. Crim. App. Jan. 27, 2021) ("Generally, revoking a defendant's probation based on grounds not alleged and noticed to the defendant is a violation of due process." (citation and internal quotation marks omitted)), *no perm. app. filed*. The purpose of this requirement is to ensure that the probationer is fairly informed of the claimed violation and has an opportunity to prepare a defense. *Cf. Morrissey*, 408 U.S. at 487. Although written notice is preferred, actual notice will suffice if it reasonably apprises the defendant of the conduct at issue. *See, e.g., State v. Baker*, No. M2009-01651-CCA-R3-CD, 2010 WL 2943113, at *4 (Tenn. Crim. App. July 26, 2010), *no perm. app. filed*.

The sufficiency of notice is assessed from the face of the warrant. *See State v. Munn*, No. W2022-00675-CCA-R3-CD, 2023 WL 2607676, at *4 (Tenn. Crim. App. Mar. 23, 2023), *no perm. app. filed*. The warrant need not recite detailed evidence or set forth every factual allegation supporting the claimed violation. *See State v. Sharp*, No. E2017-00614-CCA-R3-CD, 2017 WL 6550622, at *4 (Tenn. Crim. App. Dec. 22, 2017), *perm. app. denied* (Tenn. Mar. 14, 2018). However, it must identify the conduct alleged to violate the conditions of probation with enough specificity to inform the defendant of what he or she must defend against. *See State v. Wall*, No. M2024-00979-CCA-R3-CD, 2025 WL 1604434, at *4 (Tenn. Crim. App. June 6, 2025) (holding that a reference to a "probation violation" in the warrant, without a description of the alleged violation, failed to provide adequate notice), *no perm. app. filed*.

In this case, the probation violation warrant alleged that the Defendant violated the conditions of his probation by committing aggravated assault and custodial interference on August 9, 2023, in Sumner County. It further alleged that he engaged in "assaultive, abusive, threatening and intimidating behaviors" in connection with that incident. In addition to identifying the charged conduct, the warrant also specified the probationary conditions allegedly violated.

These allegations went beyond a mere reference to an arrest. The warrant identified the specific criminal offenses, described the nature of the alleged conduct, and linked that conduct to particular probationary conditions. Viewed as a whole, the warrant reasonably apprised the Defendant of the alleged non-technical violations and provided him adequate notice to prepare a defense. This claim is without merit.

### 3.     Consideration of the Original Affidavit of Complaint

Finally, the Defendant argues that the trial court improperly relied on the affidavit of complaint from the original 2022 prosecution when determining the appropriate consequence for the probation violation. According to the Defendant, the affidavit was treated as substantive proof of the underlying offense without authentication or an opportunity for cross-examination. The State does not directly address this argument in its response brief.

As we explain below, the record does not clearly establish the basis on which the trial court considered the affidavit, and we are therefore unable to resolve this issue on its merits. Because the case is remanded for other reasons, we provide guidance for any renewed consequence determination.

#### a.     Background

As background for this issue, the trial court referenced the circumstances of the Defendant's original 2022 offense in its oral ruling when announcing the appropriate consequence for the probation violation. In doing so, the court read from the affidavit of complaint from that offense and assessed the seriousness of the Defendant's new conduct and his suitability for continued probation. The court stated that the affidavit revealed a pattern of unresolved anger and noted similarities between that original crime and the new offenses.

Defense counsel objected to the trial court's consideration of the affidavit of complaint. The trial court overruled the objection, reasoning that the affidavit was "part of the public record."

#### b.     Circumstances of the Original Offense

Once a violation has been established, "the purpose of the consequence determination is to analyze, through the lens of a defendant's post-judgment conduct, whether community-based efforts can still be effective for rehabilitation and community safety." *State v. Drake*, No. E2024-00165-CCA-R3-CD, 2024 WL 4719132, at *6 (Tenn. Crim. App. Nov. 8, 2024), *no perm. app. filed*. Consistent with that purpose, a comparison between the original offense and new violations may help evaluate whether the beneficial aspects of probation are being served and whether the defendant is amenable to continued

probation. *State v. Evans*, No. E2024-00392-CCA-R3-CD, 2025 WL 354637, at *4 (Tenn. Crim. App. Jan. 31, 2025) (citation modified), *no perm. app. filed*; *State v. Tobin*, No. E2022-00604-CCA-R3-CD, 2023 WL 176108, at *4 (Tenn. Crim. App. Jan. 9, 2023), *no perm. app. filed*.

The circumstances of the original offense, however, must be established through permissible means. A trial court may consider facts admitted by a defendant at a plea hearing, including facts recited in an affidavit of complaint to which the defendant stipulated as the factual basis for the conviction. It may also receive testimony from witnesses at the revocation hearing, including victims or law enforcement officers.

In appropriate circumstances, a court may consider reliable hearsay, but before doing so, it must find good cause for the absence of live testimony, determine that the hearsay is reliable, and ensure that the defendant has an opportunity to respond. *See, e.g.*, *State v. Wade*, 863 S.W.2d 406, 409-10 (Tenn. 1993); *State v. Otten*, 721 S.W.3d 14, 19-20 (Tenn. Crim. App. 2025). Beyond these recognized pathways, a document does not become competent evidence merely because it appears in the court file. In particular, the presence of a law enforcement complaint in the public record does not, by itself, render the statements it contains admissible as substantive evidence. *See* Tenn. R. Evid. 803(8) (excluding from the public records exception "matters observed by police officers and other law enforcement personnel"); *State v. Gossett*, No. W2015-02414-CCA-R3-CD, 2017 WL 1163683, at *24 (Tenn. Crim. App. Mar. 28, 2017), *perm. app. denied* (Tenn. Aug. 18, 2017).

The record is unclear as to what the trial court meant when it observed that the affidavit was "part of the public record." The Defendant reads the statement to mean that the court simply retrieved the affidavit from the court file and read it into the record as a freestanding document. If that is what occurred, the court's reliance on the affidavit would have been impermissible for the reasons set forth above.

However, the transcript does not clearly support the Defendant's characterization. In many plea proceedings, an affidavit of complaint serves as the factual basis for the conviction. In those cases, the defendant stipulates to the affidavit's contents, either in whole or in part, during the plea colloquy. If the affidavit here formed the factual basis of the Defendant's 2022 guilty plea and its contents were admitted at the plea hearing, the trial court would have been entitled to consider those admitted facts as part of the consequence determination. The court's reference to the affidavit as "part of the public

record" could simply reflect its understanding that the Defendant had already admitted those facts during the original plea proceeding.

Because the record does not clearly establish the basis for the trial court's consideration of the affidavit, we are therefore unable to determine whether that consideration was improper. *See State v. Hamilton*, No. W2023-01127-CCA-R3-CD, 2024 WL 4130757, at *4 (Tenn. Crim. App. Sept. 10, 2024), *perm. app. denied* (Tenn. Feb. 20, 2025); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We accordingly decline to resolve the issue on the record before us.

Nevertheless, because we remand the case for other reasons, we provide the following guidance for any renewed consequence determination. If, on remand, the trial court finds that the Defendant violated the conditions of his suspended sentence, the question of whether the Defendant admitted the affidavit's facts at his plea hearing remains open and may bear on the consequence determination. The State is not foreclosed from establishing, through the plea hearing transcript or other competent evidence, that the facts recited in the affidavit were admitted by the Defendant at his 2022 plea hearing. If the trial court relies on the affidavit of complaint as part of its consequence determination, it should state on the record the basis for that reliance so that subsequent appellate review, if any, may be conducted on an adequate record.

## CONCLUSION

In summary, we hold that the revocation procedure advanced by the State did not afford the Defendant a hearing before a neutral and detached decisionmaker. Under that procedure, the State did not introduce evidence at the revocation hearing and instead relied on recollected testimony from a prior proceeding in which witness credibility had not been established by verdict or judgment. We respectfully reverse and vacate the order revoking the Defendant's suspended sentence and remand the case for a new hearing.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE